WILLIAM J. MOYER, Individually and as Administrator c. t. a. of the Estate of FLORENCE D. MOYER, Plaintiff, *v.* AGNES D. DUNSEITH, Defendant.

Supreme Court, Special Term, Kings County, June 4, 1943.

*Benjamin Shedler* for plaintiff.

*Philip J. Dunn* for defendant.

Nova, J. This plaintiff seeks an order of summary judgment in pursuance of rules 113 and 114 of the Rules of Civil Practice.

This is an equity action and plaintiff is attempting to get a judgment in accordance with the tenor of his complaint in that the death benefit under the Teachers' Retirement System was an asset of the plaintiff's deceased wife's estate, despite the fact that she, the deceased wife, prior to her death made the defendant, her sister, a beneficiary by designation truly in accordance with the provisions of law provided for such purposes. However, the plaintiff contends that the designation of the deceased's sister was illusory.

The facts, as I gather them, are as follows: The plaintiff, William J. Moyer, and the deceased were married in 1935. For many years, and particularly from 1917, the decedent as a teacher in the public schools in the city of New York was a contributor to the Teachers' Retirement Fund. About October 7, 1925, the decedent under the Retirement Benefit Fund selected as a beneficiary under option 1, and so designated as the beneficiary, her mother, Mary C. Dunn, the said beneficiary to receive and be paid the balance of any reserve fund set up in the event of her retirement.

On May 31, 1940, the deceased filed with the Teachers' Retirement System her application for disability retirement and at the same time executed a paper writing revoking the designation of her mother as beneficiary and substituting in her place her sister, Agnes D. Dunseith, the defendant herein, as the beneficiary of the reserve fund. The deceased died on June 16, 1940, and the Teachers' Retirement System, in recognition of the defendant as the lawful beneficiary of the reserve fund, paid to her the sum of $13,133.63. This the plaintiff contends

is a death benefit and an attempt to make a will and to dispose of the deceased's property contrary to the Decedent Estate Law. The plaintiff further contends that what the defendant did in this instant matter was to create a Totten trust. The defendant contends that what the decedent did was in full compliance with all rules and regulations of the Teachers' Retirement Fund System and the Administrative Code of the City of New York (L. 1937, ch. 929) and that nothing was done in any way or manner to create a Totten trust or was violative of the Decedent Estate Law.

The contention of the plaintiff does not register solidly in my mind, and I therefore agree with the defendant's contention that this designation under the Teachers' Retirement System in no wise creates a Totten trust and in no manner can it be interpreted as illusory so as to defeat any of the provisions of the Decedent Estate Law or any rights that the plaintiff may have had in pursuance thereof as a surviving spouse. It is my opinion the decedent had a right to designate first her mother as the beneficiary of the reserve fund and thereafterward her sister, the defendant herein. A contributor to the Teachers' Retirement System has the right to designate a beneficiary. The Administrative Code of the City of New York provides (§ B20–46.0) that the Retirement System shall pay the reserve fund, "to such person as he shall nominate by written designation duly acknowledged and filed with such board", and the Teachers' Retirement System was obligated to pay this reserve fund to the defendant.

There is no prohibition in any statute that would have prevented the deceased in her lifetime from designating anyone that she chose to be the beneficiary of the reserve fund. The test as to whether or not a transfer or the designation of a beneficiary is real or illusory is as the court said in *Newman* v. *Dore* (275 N. Y. 371, 379): "The test has been formulated in different ways, but in most jurisdictions the test applied is essentially the test of whether the husband has in good faith divested himself of ownership of his property or has made an illusory transfer." And in *Krause* v. *Krause* (285 N. Y. 27) the rule above stated was restated.

All that a husband or wife can possibly have in each other's property rights is an expectant interest, and each has a right in his lifetime to give away his property. The question always remains to be determined as to whether or not the giving away was absolute without any control and an outright gift or conveyance, and from all the facts and circumstances

must it be interpreted whether the doing of the act was real and actual or illusory. Another test to be observed is whether or not the individual so giving or transferring had controlled any real interest in the property during his or her lifetime.

I cannot be persuaded to the thought that when the deceased in this case created her sister as beneficiary of the rights to the reserve fund under the Teachers' Retirement System it was in any manner similar to a Totten trust. The deceased could not in any manner be prohibited during her lifetime from designating anyone as the beneficiary that she chose. The cases cited by the plaintiff in his brief are distinguishable from the case at hand and have no application to the subject matter under discussion. The Teachers' Retirement System regulation and organization is not comparable to life insurance within the meaning of the Tax Law. Indeed, the plaintiff herein has no complaint about the defendant's being designated as the beneficiary, for if perchance she were not so designated no part of this fund could have passed into the hands of the administrator because the moneys would have been paid over to the decedent's mother instead of to the sister. All rights of contributors to the Teachers' Retirement System and the rights of beneficiaries thereunder are fixed by statute. The reserve fund under the Teachers' Retirement System is not an asset of the decedent's estate. That fund could not pass under her last will and testament, but rather does it pass under her written designation as made by the decedent in her lifetime, and, when she (the decedent) made contribution of part of her salary to this pension fund, that money became an inseparable part of the reserve fund. It cannot be said that this payment of part of her salary to the treasury of the pension system was in any wise illusory.

From all of the foregoing, the plaintiff's motion for summary judgment is denied.