Memorandum by the Court.
Judgment reversed and vacated, without costs; order dated October 22,1969, denying defendant’s motion to dismiss complaint, affirmed, without costs; order, dated February 5, 1970, granting plaintiff’s motion for leave to enter judgment by default and denying defendant’s cross motion for leave to serve and file an answer, reversed, without costs, plaintiff’s motion denied and defendant’s cross motion granted; the time to answer is extended until 10 days after service of a copy of the order hereon, with notice of entry.
This action is brought by the estate of a clerk of the Criminal Court of the City of New York to recover the cash equivalent of accumulated and unused vacation and compensatory time to which decedent was entitled at the time of his death. The theory of the action, as gleaned from the complaint and the supporting papers used in opposition to the motion directed to the sufficiency of the complaint, is, in essence, that the plaintiff is entitled to be compensated for additional services which decedent was required to perform either after the usual working hours or at the expense of vacation time to which he was entitled, and that defendant, the City of New York, failed in its duty to provide the necessary funds to pay for such extraordinary services. *595 Plaintiff calls attention to a communication, dated September 10, 1968, from Hon. Thomas P. McCoy, State Administrator of the Administrative Board of the Judicial Conference of the State of New York, to Hon. John Y. Lindsay, Mayor of the City of New York, wherein additional appropriations were requested for the purpose of liquidating accumulated credits for overtime “ especially in the Criminal Court of the City of New York ”.
In our opinion, the complaint, as buttressed by plaintiff’s supporting affidavit and exhibit, indicates the existence of a cause of action within the broad principles of quantum meruit, unjust enrichment and estoppel, sufficient to defeat defendant’s motion to dismiss the complaint for legal insufficiency (Northern Operating Corp. v. Anopol, 25 A D 2d 551; cf. Carner v. City of Buffalo, 33 A D 2d 1098; Grossman v. City of New York, 64 Misc 2d 962; Gilmore v. City of New York, 58 Misc 2d 1029; Romain v. City of New York Municipal Broadcasting System, N. Y. L. J., May 17, 1968, p. 16, col. 8 [App. Term, 2d and 11th Judicial Dists.]).
Under all the circumstances, the denial of defendant’s motion to open its default in pleading was an inappropriate exercise of discretion.
Concur— Sohwartzwald, P. J., Rinaldi and Cone, JJ.
Judgment reversed, etc.