Per Curiam.

A pithy statement of the nature of this case is presented in the decision of the count below: ‘ ‘ Plaintiff was a civil service employee, who was engaged as a computer programmer by defendants and was in their employ and service from October, 1963 to and including October 28, 1966 when he resigned to accept private employment. During the period of his employment, plaintiff worked 95 and 5/7 days of overtime for which he was never compensated and he now seeks recovery therefor.” (64 Mise 2d 962).
The key issue is whether plaintiff is required to delineate any statute, order or regulation authorizing cash payment to him for overtime after he had resigned from the city’s employment. The observation of Justice Hecht in Crane v. City of New York (185 Misc. 456, 459, affd. 270 App. Div. 930, affd. 296 N. Y. 717) is pertinent: ‘1 Plaintiffs, in the absence of an express statutory provision requiring defendant to pay them for overtime, are restricted to the compensation fixed for them in the budget. ‘ The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted * * V (Stetler v. McFarlane, 230 N. Y. 400, 408.) To hold otherwise would be violative and disruptive of the budgetary scheme on which the city operates.” The circumstances of this case are similar to those in Ricker v. Board of Educ. of City of N. Y. (196 N. Y. S. 2d 17), where the employee terminated his employment and commenced an article 78 proceeding to review the denial of his application for a vacation with pay submitted prior to his leaving employment. The employee had accumulated vacation and overtime credits entitling him to 33 days off with pay. After denial of his application, the employee submitted his resignation to take effect at the expiration of the 33-day period. The court held that the resignation could not continue the employee in his position until the end of the 33-day period unless consented thereto by the board and that, in the absence of such consent, it was operative when submitted. Consequently, the employee was not entitled to pay for such period. The court recognized the equitable considerations, but held them of no avail: ‘ ‘ While it might seem unjust and inequitable that petitioner should be deprived of *236 thirty-three days of pay which he had earned in accordance with the rules and regulations of the respondent, the latter was without power to grant his request, after he had left its service, in view of article 8, § 1 of the New York Constitution, which bars a gift of public funds. As was stated in Nolan v. State, Ct. Cl., 44 N. Y. S. 2d 328, 331: 1 There is no statute permitting payment for'vacation days or leave of absence not taken, and no authority has been cited * * *, holding that claimant is entitled to recover 1 ‘ A vacation is a personal privilege that can be waived. ’ ’ Croker v. Sturgis, 175 N. Y. 158, at page 163, 67 N. E. 307 [at page] 309 * # *. A recovery here would be entirely inconsistent with the theory upon which vacation or leave of absence periods are granted. Claimant was a civil service employee with a fixed salary which salary included pay for his vacation or leave of absence period. An award in this claim would have the practical effect of increasing his salary for the period in question, beyond the amount fixed by the state’ (see, also, Nicholson v. Amar, 7 Cal. App. 2d 290, 45 P. 2d 697).” (Ricker v. Board of Educ. of City of N. Y., 196 N. Y. S. 2d 17, 21).
Note should also be taken of section 160 of the Labor Law, which enunciates a policy of preventing agreements for overwork at an increased compensation in respect of city employees (see Spitalnik v. City of New York, 56 Misc 2d 183; see, also, Burns v. City of New York, 121 App. Div. 180 [2d Dept., 1907]). Under the rules of the defendant Department of Public Works, City of New York, plaintiff was entitled to compensatory time for overtime which compensatory time was to be used “ as soon as possible ” (rules 4.1 to 4.4). Plaintiff, however, cannot, subsequent to his termination of employment, seek to receive the monetary equivalent of such compensatory time without the requisite demonstration of appropriate authority, statutory and otherwise, to support his claim. Vaccaro v. Board of Educ. of City of N. Y. (54 Misc 2d 206) is patently distinguishable and is not of itself sufficient to support plaintiff’s claim. In Vaccaro, the employee’s employment was terminated by the board and not by the employee. Although Vaccaro cannot be faulted on equitable grounds, the weight of authority suggests that equitable considerations alone cannot serve to remove from the employee the initial burden of pointing out some statute, rule or regulation authorizing payment of overtime.
The fact that the plaintiff was permitted to utilize his annual leave for the period of September 12, 1966 through October 7, 1966 and thereby obtain vacation pay for such period, although his resignation was entered in the payroll records as effective *237 September 12, 1966, does not serve as an estoppel. As stated in City of New York v. Wilson & Co. (278 N. Y. 86, 99-100 [1938]): “ The city is not estopped from asserting its rights by these inconsistent acts, since the errors of law of city employees and officers are not binding upon the city.” The failure of city officials to enforce possible rights cannot serve as the basis of an admission or estoppel resulting in possible loss to the public of the municipality’s rights (Rubel Corp. v. City of New York, 73 N. Y. S. 2d 813, 819).
To summarize, the breaking of the relationship of employer and employee by the employee’s separation from service results in the loss of the right to compensatory time achieved by credited overtime; the monetary equivalent of such compensatory time cannot be obtained except under proper authority, statutory or otherwise.
Accordingly in the absence of statutory or other authority for payment of cash compensation to an employee no longer in the city service, it was improper to award plaintiff a verdict for such pay (Seif v. City of Long Beach, 286 N. Y. 382; Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717, supra; Ricker v. Board of Educ. of City of N. Y., 196 N. Y. S. 2d 17, supra), at least where, as here, plaintiff voluntarily left the city’s service (cf. Vaccaro v. Board of Educ. of City of N. Y., 54 Misc 2d 206, supra; Konig v. McCoy, 63 Misc 2d 1038, revd. N. Y. L. J., Oct. 1, 1971, p. 19, col. 8); and there was no collective bargaining agreement covering the situation (Matter of Teachers Assn. [Board of Educ.], 34 A D 2d 351).
Judgment reversed with $30 costs and complaint dismissed with costs.