Markowitz, J.
(dissenting). In this case a civil service employee, properly hired, was asked to, and did in fact, render services for which he was legally promised compensatory time off (Department of Public Works, rules 4.1 to 4.4). When he asked for such compensatory time off, he was told that this was inconvenient to the city.
Plaintiff’s employment by the city began in 1962. From September 30, 1963, to September of 1966, plaintiff served satisfactorily in the competitive class as a civil service computer programmer assigned to the Department of Public Works. Plaintiff wished to take a position in private industry on September 5, 1966, and so informed his supervisor in August, 1966. At his supervisor’s request, plaintiff deferred leaving his position to September 12,1966. He was granted his accrued vacation and was kept on the city payroll through October 28, 1966. But *238 and was kept on the city payroll through October 28, 1966. But he was refused his accumulated overtime — to recover for which this action was brought.
It will be observed that this is not a case where plaintiff was hired without legal sanction (Seif v. City of Long Beach, 286 N. Y. 382), where quantum meruit is not justified (Albany Supply & Equip. Co. v. City of Cohoes, 25 A D 2d 700; Lutzken v. City of Rochester, 7 A D 2d 498). It is not a case where plaintiff’s salary and the number of hours he was to work were fixed in the Administrative Code (Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717). It does not involve vacation or sick leave (Simson v. City of New York, 151 N. Y. S. 2d 218). It involves payment claimed by plaintiff for services actually rendered, in a position to which plaintiff was lawfully appointed, and for which services plaintiff was legally promised compensatory time off (see Kranker v. Levitt, 30 N Y 2d 574). In such.circumstances, cash payment for these services would not be a gift of public moneys (24 Opn. St. Comp., 1968, p. 841; ibid. p. 488) and may be authorized (General Municipal Law, § 92, subd. 1).
By refusing plaintiff the time off to which he was entitled, defendants breached the agreement of employment between the parties.! Given the breach, plaintiff was entitled to his monetary damage. In any event, given the failure to pay plaintiff for his services in “time”, plaintiff is entitled to the value of his services in cash, under principles of quasi contract and unjust enrichment (Matter of Teachers Assn. [Board of Educ.], 34 A D 2d 351; Konig v. McCoy, 71 Misc 2d 593; Gilmore v. City of New York, 58 Misc 2d 1029; Vaccaro v. Board of Educ. of City of N. Y., 54 Misc 2d 206, 211; Fuerst v. Incorporated Vil. of Bayville, 40 Misc 2d 909).
“ The city, as an employer, should be in no more favored position than a private employer in its dealings with its employees. Certainly, a private employer should not be permitted to act in a manner designed to deprive an employee of that which he has earned and the city should be held to at least the same standard, if not a higher one ” (Vaccaro v. Board of Educ., supra, p. 211).
Konig v. McCoy (supra) related to unpaid vacation and compensatory days owed a deceased employee. The Appellate Term, Second Department, wrote (p. 595): “ In our opinion, the complaint, us buttressed by plaintiff’s supporting affidavit and exhibit, indicates the existence of a cause of action within the *239 broad principles of quantum meruit, unjust enrichment and estoppel, sufficient to defeat defendant’s motion to dismiss the complaint for legal insufficiency (Northern Operating Corp. v. Anopol, 25 A D 2d 551; cf. Carner v. City of Buffalo, 33 A D 2d 1098; Grossman v. City of New York, 64 Misc 2d 962; Gilmore v. City of New York, 58 Misc 2d 1029; Romain v. City of New York Municipal Broadcasting System, N. Y. L. J., May 17,1968, p. 16, col. 8 [App. Term, 2d amd. 11th Judicial Dists.]).”
Opinion 68-898 (24 Opn. St. Comp., 1968, p. 841, supra) of the State Comptroller related to employees who separated from municipal services prior to the execution of an announced retroactive salary increase. The State Comptroller concluded: “Where an individual leaves municipal service after the announcement of a salary increase but before the actual determination of the amount of such increase, he has a right to any retroactive increase established after his separation from service, but payable for work performed in any period covered by the increase, during which he was in municipal service.”
No statute or local law or rule of the city prohibits payment of plaintiff’s compensation, and I agree with the Trial Judge that to ‘ ‘ deprive plaintiff of such payment is legally wrong and morally unjustifiable. No claim is made that plaintiff was not a faithful and competent employee.” As did the Trial Judge, this court should decline. “ to encourage a course of conduct or pattern that would deny payment for work honestly and conscientiously performed.” (64 Mise 2d 962, 964).
I therefore dissent and vote to affirm.
Lttpiaüto, J. P., and Quinar, J., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum.
Judgment reversed and complaint dismissed.