S. Samuel Di Falco, S.
In this accounting proceeding, respondent Helen Crystal moves for partial summary judgment determining that purported ££ designations of beneficiaries ” made by the decedent in certain agreements are invalid testamentary dispositions in violation of the statute of wills, and that any transfers of decedent’s assets made after his death pursuant to these agreements as well as the beneficiary designations themselves, are illusory transfers against which she has a right of election.
Respondent, alleged to be the surviving spouse of the decedent, has served and filed a notice of election pursuant to EPTL 5-1.1 (subd. [a]), and has filed objections to the executor’s account. The decedent and respondent were married in 1955, and in 1961 a separation decree was entered in Supreme Court, Hew York County. Decedent’s will was executed on June 1, 1961 and a codicil on February 3, 1965, He died in. 1969. Decedent had *872 evidently been employed by Braun-Crystal Manufacturing Co. Inc. and B. C. N. Design Products Inc. He owned stock in each of these companies. On August 1, 1967 decedent retired from these companies and on that date sold all his shares of stock. On the same day, he entered into four agreements, two for the sale of stock and two concerning retirement benefits, all of which are the subject of this motion. The two stock sales agreements provided for the payment of the sales proceeds and interest to decedent in installments over a period of years, and in the event of decedent’s death before receipt of the total sales price, the balance is to be paid to beneficiaries to be designated by him. On that date decedent was granted retirement benefits by letter agreements with both companies. The benefits were payable periodically for a fixed period, and decedent had the right to designate beneficiaries to receive payments due after his death, if he should die before receipt of all payments. Three of these agreements, with the exception of the agreement for the sale of stock to Braun-Crystal Manufacturing Co. Inc., are more fully described in a prior decision of this court (Matter of Crystal, N. Y. L. J., June 13, 1972, p. 17, col. 6). On the same date of these agreements, August 1, 1967, and in separate instruments, the decedent designated certain beneficiaries for each agreement. Thereafter, and on Octobr 9,1967, and again by separate instruments, decedent allegedly revoked and changed the designation of beneficiaries as to both stock sale agreements and as to the retirement agreement with Braun-Crystal Manufacturing Co. Inc. These latter designations were said in the letters of designation to be irrevocable. It is noted that there was an action instituted in the Supreme Court, New York County, concerned with the question of the validity of the first and second beneficiary designations. This matter has now been settled pursuant to an agreement among the parties. The movant was not a party to that action.
Movant contends herein that the “ designations of beneficiaries ” are in fact testamentary dispositions made without compliance with the statute of wills and in any event are illusory and ineffectual.
The will and codicil were executed prior to August 31, 1966, and hence EPTL 5-1.1 (subd. [b]) is by its terms inapplicable to this estate. We are, therefore, not concerned with whether the type of transaction here involved would or would not be treated as a testamentary substitute under that subdivision. The questions in this case are, first, the instruments invalid because not executed with the formalities required for a valid *873 will, and, second, do they constitute illusory transfers of property which become subject to the widow’s right of election? The court is of the opinion that neither the agreements of sale nor the retirement agreements fail because of noncompliance with the statute of wills. The beneficiaries take as third-party beneficiaries under the agreements. (Matter of Hillowitz, 22 N Y 2d 107; Matter of Gross, 35 A D 2d 830, affd. 29 N Y 2d 739.) The same result follows whether or not the right or power to change beneficiaries was granted to the decedent under the agreements. In Matter of Hillowitz (24 A D 2d 891, 28 A D 2d 880, revd. 22 N Y 2d 107), the Appellate Division held that the provisions of a partnership agreement, transferring decedent’s share to his wife at his death, was an attempted testamentary disposition and was invalid. That court relied strongly upon the fact that the provision could have been eliminated or changed by the parties to the agreement and therefore did not create a present interest in the wife. The Court of Appeals reversed that decision, holding that the agreement was nothing more or less than a third-party contract performable at death and was valid. There are other types of third-party contracts which' are valid and are not treated as testamentary dispositions even though the power to change beneficiaries is present. (Matter of Ford, 279 App. Div. 152, affd. 304 N. Y. 598 [inter vivos trusts]; Hutchings v. Miner, 46 N. Y. 456, and Mitchell v. Mitchell, 265 App. Div. 27, affd. 290 N. Y. 779.)
The case of McCarthy v. Pieret (281 N. Y. 407), relied upon by the movant, does not lend any strength to her position since this case has been limited specifically to its own facts by the Court of Appeals in Matter of Hillowitz (supra). In any event there was a present interest granted under the contracts and agreements, with the enjoinment thereof being postponed until death of the decedent. The beneficiaries had an interest akin to that of a remainderman subject to a life estate (Matter of Guarino, N. Y. L. J., July 8, 1971, p. 10, col. 7). It would appear from the decisions of Hillowitz and Gross that third-party contracts such as present herein do not necessarily amount to an invalid testamentary disposition merely because of the fact that the decedent had a right or power to change beneficiaries.
The charge of “ illusory transfers ” raises questions that the revised statute has solved in a much more satisfactory way. The history of the development and failure of that doctrine of illusory transfers has been told before. (Third Report of Commission on Law of Estates, N. Y. Legis. Doc., 1964, No. 19, pp. 119-122; Illusory Transfers and Section 18, 32 St. John’s L. *874 Rev. 193-217; Atkinson, Survey of N. Y. Law — Law of Succession, 25 N. Y. U. L. Rev. 1174, 1180-1184.) The color and meaning of the terms “real” and “illusory” gradually changed during the course of a series of court decisions until the legislative policy of protecting the surviving spouse was virtually put to rout (Matter of Halpern, 303 N. Y. 33, 39).
It is clear that movant is not claiming that the agreements of sale and the retirement agreements are themselves illusory, but rather that the decedent’s power to designate and to change designations of beneficiaries made the designations and any transfer pursuant to the designations illusory. ‘ ‘ If [movant] were to attack those basic transactions, there would be no funds collectible by anyone ”. (Matter of Crystal, N. Y. L. J., June 13, 1972, p. 17, cols. 6, 7, supra.) The contract for the sale of stock and the retirement agreements can hardly be said to be illusory. If the contracts and agreements which are themselves valid gave decedent the right to change beneficiaries, decedent in making various changes of the beneficiaries was merely exercising his absolute right to do so under the contracts. Thus the right to designate beneficiaries or to change beneficiaries, if such right existed, cannot be said to be illusory. (Mitchell v. Mitchell, 265 App. Div. 27, affd. 290 N. Y. 779, supra; Moyer v. Dunseith, 180 Misc. 1004, affd. 266 App. Div. 1008; MacDonald, Fraud on the Widow’s Share, ch. 15, pp. 244-245; cf. EPTL 13-3.2.) In Mitchell the widow sought to set aside transfers of property and changes of beneficiaries of life insurance policies upon the ground that they were illusory. The Appellate Division of this Department in reversing the lower court held that this cause of action should be dismissed. The court pointed out (p. 30) that ‘ ‘ In making the various changes in beneficiaries, the deceased exercised his absolute right so to do. There was nothing illusory about any of the changes. His contracts of insurance gave him that right.”
The agreements herein were real and not merely colorable or pretended (Matter of Halpern, 303 N. Y. 33; Newman v. Dore, 275 N. Y. 371; Matter of Crystal, supra). There is no contention that the proceeds of sale or the retirement benefits were payable outright to the decedent or were subject to his immediate control but on the contrary it appears that the money was payable in a manner and over a period of time as specified in the agreements and decedent had the right under the agreements to designate beneficiaries of the amounts not received by him. The fact that the decedent had the right to designate beneficiaries cannot in any way be considered illusory under these facts nor cán the *875 fact that he had the power to change beneficiaries if he had such right. If the moneys were not to be paid to Mm prior to death he could designate who was to receive it and the ability to change beneficiaries cannot be considered any more illusory than the power to originally designate same. Decedent did not have control of the moneys hut at most had control of designating who was to receive it at his death.
The court is of the opinion that the motion for summary judgment by respondent Helen Crystal is denied and that the executor is entitled to summary judgment dismissing these objections (CPLR 3212 subd. [b]).