Frederic E. Hammer, J.
By tMs action the plaintiff, formerly employed by the defendant City of New York as a samtation man, seeks to recover cash payments for unused vacation days, compensatory time and terminal leave that had accrued as of the date of his involuntary retirement for an accident disability. Both parties having moved for summary judgment, the principal question presented is whether there is any basis upon wMch cash payments can be made to the plaintiff for the reasons demanded.
*770 Except for the exact amount of time owing to the plaintiff at the time of his retirement, the essential facts are not disputed. Plaintiff was employed for nearly 10 years as a sanitation man and then was involuntarily retired for a disability resulting from an accident occurring in the line of duty. Because he was notified of his retirement just prior to its effective date, plaintiff had no opportunity to use up the time owed to him as vacation time, retirement leave and compensatory time. The collective bargaining agreement applicable to the plaintiff provided :
“ The City further agrees to grant each employee an annual vacation allowance of 25 days, and continue to grant terminal leave of one (1) month for every ten (10) years of service prior to retirement. ’ ’ The city further agreed ‘ ‘ to employ each of the employees * * * for 261 (8 hour) working days per annum ” at a specific yearly wage to be adjusted upward on a per-hour basis for work at such times as on Sunday and at night. Also special provision was made for increased compensation for snow removal duty on other than regularly scheduled tours. No provision, however, was made for cash payments at any time in lieu of vacation time, compensatory time or retirement leave.
The city contends that such cash payments to a former public employee would violate the prohibition against gifts of public funds in section 1 of article VIII of the State Constitution. Though Ricker v. Board of Educ. (196 N. Y. S. 2d 17) espoused such a theory, the more general approach has been to deny cash payments to former public employees for accrued leave and overtime merely on the basis that such was not authorized by any legislation. (Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717; Spitalnik v. City of New York, 56 Misc 2d 183; Simson v. City of New York, 151 N. Y. S. 2d 218; Nolan v. State of New York, 44 N. Y. S. 2d 328; see, also, Stetler v. McFarlane, 230 N. Y. 400; Matter of Mahon v. Board of Educ., 171 N. Y. 263.) Due to the seeming inequity of the rule, it was obliquely attacked in Fuerst v. Incorporated Village of Bayville (40 Misc 2d 909), where the court maintained that section 92 of the G-eneral Municipal Law by itself authorized cash payments to a former public employee under circumstances similar to those found in this case. Then Vaccaro v. Board of Educ. (54 Misc 2d 206), which appealed more to equitable principles, posited that for a city agency to terminate a public employee without, as in this case, allowing the employee sufficient time to use up accrued vacation constituted unjust enrichment and was opposed to the public interest. (See, also, Konig v. McCoy, 71 Misc 2d 593, revg. 63 Misc 2d 1038.) Bather *771 than squarely facing the challenge posed by Vaccaro, other courts either rejected it out of hand or treated it as but an exception to the general rule. (See Spitalnik v. City of New York, supra; Grossman v. City of New York, 71 Misc 2d 234, revg. 64 Misc 2d 962; Rosenthal v. Walsh, 69 Misc 2d 612.)
A new point of departure appeared when the Appellate Division of this Department handed down Matter of Teachers Assn. (Board of Educ.) (34 A D 2d 351). Firstly it established that the relevant provisions of the State Constitution were not intended to prohibit cash payments to former public employees who were not thereby receiving a gift, but rather were being recompensed for services rendered. (See, also, Board of Educ. v. Associated Teachers, 30 N Y 2d 122, 129.) Furthermore, the case revealed that a former public employee could recover cash payments on grounds, such as contractual rights arising from a collective bargaining agreement, in addition to legislative authorization.
To sustain this action on the basis of the latter more traditional basis, the plaintiff has proffered section 92 of the General Municipal Law, which was relied on in Fuerst v. Incorporated Village of Bayville (40 Misc 2d 909, supra). This contention is rejected for reasons implicit in Hess v. Board of Educ. (41 A D 2d 151). Section 92 merely permits, but does not require, a unit of local government to enact provisions pursuant to which cash payments in certain instances can be made to former public employees. There is no showing that the City of New York has used the power conferred by section 92 in any way applicable to this case.
The city did, however, bind itself to a collective bargaining agreement, as it was within the power of the city to do, and the resultant contractual obligations can sustain an action such as this. (See Matter of Teachers Assn. [Board of Educ.], 34 A D 2d 351, supra.) Here, unlike the Matter of Teachers Assn. (Board of Educ.) (supra), the collective bargaining agreement did not specifically require cash payments in lieu of an employee’s rights upon retirement to accrued vacation and retirement leave. The city, nevertheless, breached its obligation because it did not, as it might have done, give plaintiff sufficient time before termination to use up the accrued vacation and retirement leave to which he was entitled by contract and because of which he can now, as a result of the city’s breach of contract, seek damages.
The claim for compensatory time warrants a separate discussion because the collective bargaining agreement only guaranteed payment for specific types of overtime, such as snow *772 removal duty, which presumably are not involved here. It appears that plaintiff is more generally demanding compensation for any unpaid hours of overtime and holiday work. The collective bargaining agreement, however, merely provided that the employees could receive an annual compensation for working a specified number of eight-hour days. Such a provision might have been breached if, as plaintiff does not claim, he was forced to work overtime. (See Forino v. City of Troy, 42 A D 2d 647.) Otherwise, it does not appear that in this regard his contractual rights were breached.
A further question is whether the claim for compensatory time can be sustained on the basis of unjust enrichment, as suggested by Konig v. McCoy (71 Misc 2d 593, supra) and Vaccaro v. Board of Educ. (54 Misc 2d 206, supra). A necessary preamble is that theories of unjust enrichment or quasi-contract should not be lightly invoked against a public body in the effort to do rough justice. (See Hess v. Board of Educ., 41 A D 2d 151, supra; Lutzken v. City of Rochester, 7 A D 2d 498.) Obviously, plaintiff wopld have to show that the overtime was agreed to with an officer or agent of the city. Like anyone else dealing with a public body, the plaintiff acted at his peril in seeing that the agent of the public body was acting within his authority. (Lindlots Realty Corp. v. County of Suffolk, 278 N. Y. 45.) There is no showing here that the person with whom plaintiff made arrangement for overtime work was authorized to commit the city to compensate the plaintiff for more than the number of hours of work provided for in the collective bargaining agreement. Further, though it is possible for unauthorized acts to be ratified by persons with authority to take the action, there is no showing that such occurred in this case. (See Sief v. City of Long Beach, 286 N. Y. 382.)
Accordingly, plaintiff’s motion is granted but only to the extent of establishing defendant’s liability for damages resulting from the breach of the collective bargaining agreement when defendant failed to give plaintiff an opportunity to exercise rights to accrued vacation and retirement leave before his retirement. Defendant’s cross motion is granted but only to the extent of striking plaintiff’s demand for compensation covering work on holidays and during other periods when he was not scheduled to work.
Settle order and provide therein for an assessment of damages in- accordance with this opinion pursuant to CPLR 3212 (subd. [c]) before the Trial Term upon compliance with the applicable calendar rules and payment of all required fees.