■   CHARLES COATES, Respondent, v CITY OF NEW YORK, Appellant.—In an action by a former employee of defendant to recover monetary benefits allegedly earned, defendant appeals, as limited by its brief, from so much of an order-judgment of the Supreme Court, Queens County, dated June 18,

1974, as, on reargument, (1) granted plaintiff's motion for summary judgment, awarding him $3,406.53 for terminal leave, accrued vacation time and unscheduled holiday work periods, and (2) denied defendant's cross motion for summary judgment. Order-judgment modified, on the law, (1) by deleting from the second decretal paragraph thereof the words "the cash equivalent of accrued vacation time, with pay, terminal leave with pay, and" and (2) by deleting from the third decretal paragraph "$3,406.53" and substituting therefor "$1,283.62". As so modified, order-judgment affirmed insofar as appealed from, without costs. The facts are not in dispute. Plaintiff, a sanitation worker in the Department of Sanitation of the City of New York from March 4, 1963 until January 4, 1973, was injured in the line of duty on November 12, 1967. After being out of work as a result of his injuries for approximately six months, he returned to work, but was assigned to light duty. He continued in the employ of the department until he was involuntarily retired for accident disability, effective January 4, 1973. He did not apply for such retirement. Instead, application therefor was made by the Commissioner of defendant's sanitation department pursuant to section B3-40.0 of the Administrative Code of the City of New York. Because plaintiff was notified of his retirement just prior to its effective date, he had no opportunity to use the time owed to him as vacation time, terminal leave and unscheduled holiday work periods provided for in the governing collective bargaining agreement. No provision had been made in that agreement for cash payments of such benefits upon retirement of a sanitation department employee. Defendant opposes payment to plaintiff on the ground that it would violate the prohibition against gifts of public funds found in section 1 of article VIII of the State Constitution. Defendant notes also that section 92 of the General Municipal Law, which authorizes cash payments to a former public employee under certain circumstances, is not applicable, because there is absent a specific provision in the agreement for such payments. Special Term, however, shared plaintiff's position that defendant breached its obligation to him by failing to give him sufficient time before termination to exhaust his accrued vacation, terminal leave and unscheduled holiday work periods. (Defendant does not challenge the awarding of $1,283.62 for unscheduled holiday work periods.) It appears that section B3-40.0 of the Administrative Code required that plaintiff be immediately retired upon certification by the medical board of the city's retirement system that he was medically unable to perform his duties. Defendant, therefore, could not have provided plaintiff with sufficient time before his retirement—as suggested by Special Term—to exhaust his accrued and earned cash benefits. Nor could defendant have made cash payments to plaintiff within the context of the collective bargaining agreement; the benefits here in question are not negotiated conditions of employment. Although the authority for the granting of such cash benefits may be found in section 92 of the General Municipal Law, that section merely permits, but does not require, a unit of local government to enact provisions pursuant to which cash payments in certain instances can be made to former public employees. In *Matter of Teachers Assn., Cent. High School Dist. No. 3 [Board of Educ., Cent. High School Dist. No. 3, Nassau County]* (34 AD2d 351), however, we held that payment in lieu of accumulated unused sick leave was a negotiated condition of employment specified in a contract. In the absence of such statutory authority or contract, accrued unused vacation is not recoverable in money damages *(Hess v Board of Educ. of Cent. School Dist. No. 1,* 41 AD2d 151). The collective bargaining agreement provides that defendant shall "grant to each employee an annual vacation allowance

of 25 days, and * * * terminal leave of one (1) month for every ten (10) years of service prior to retirement", but does not provide for the payment of a substitute in the form of cash. Inasmuch as there is no provision in the contract for such payment, there can be no breach of contract. Thus, defendant is not liable in damages for terminal leave and accrued vacation allowance. Rabin, Acting P. J., Hopkins, Latham, Christ and Shapiro, JJ., concur. [76 Misc 2d 769.]