■ In the Matter of ERIC JOHNSON, Respondent, v TOWN BOARD OF THE TOWN OF POUGHKEEPSIE, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Town Board of the Town of Poughkeepsie to credit petitioner with time served as a police officer of a village in the same county, the town board appeals from an order of the Supreme Court, Dutchess County (Quinn, J.), dated September 26, 1980, which denied its motion to vacate a default judgment entered against it. Order affirmed, with $50 costs and disbursements. To vacate the default judgment it was incumbent upon the town board to show that there was a reasonable excuse for its failure to appear and answer the petition, and that there exists a meritorious defense to the proceeding (see *Bruno v Village of Port Chester,* 77 AD2d 580). In support of its motion to vacate, appellant presented an affidavit from the town clerk who received the process. She alleges that she has no independent recollection of receiving the process, and that apparently she misplaced or misfiled the papers. Considering the fact that this bureaucratic error was not willful and did not result in a lengthy delay, and since appellant moved to vacate its default in a relatively prompt manner, we conclude that appellant has shown a reasonable excuse (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 81 AD2d 653; *Brac Constr. Corp. v Di-Com Corp.,* 51 AD2d 740). Nonetheless, we affirm the order denying the motion to vacate because appellant has not made a prima facie showing that it has a meritorious defense. In his petition, petitioner alleges that in July, 1973 he transferred, with the appropriate authorizations and consents, from the Village of Wappingers Falls Police Department to the Town of Poughkeepsie Police Department. In 1979 he asked the appellant town board for credit for the period he served as a police officer in Wappingers Falls. That request was denied by letter dated May 4, 1979. The instant petition and notice of petition were served on September 4, 1979. In its moving papers appellant alleges that the proceeding is time barred by the four-month Statute of Limitations applicable to proceedings brought pursuant to CPLR article 78 (CPLR 217). This defense is without merit since in a mandamus proceeding the cause accrues when a demand for action is made of the appropriate body and such demand is refused (*Matter of Morvant v Carey,* 70 AD2d 880). It is also alleged that petitioner has not stated a cause of action since the only provision in law for service credits applying to like transfers is

section 153 of the Town Law. Appellant asserts that this section applies only to transfers from a town police department and has no applicability to transfers from a village police department to a town police department. Appellant's reliance upon section 153 of the Town Law is misplaced. The controlling statute in this matter is section 188-d of the former Village Law, and while the latter section was not incorporated in the new Village Law as adopted, it was in full force and effect until September 1, 1973, which date was subsequent to petitioner's transfer. Section 188-d of the former Village Law explicitly provided that credit for "time served" on a village police department be allowed where there is an authorized transfer from a village police department to a town police department in the same county. In making this determination, we express no opinion as to whether an officer who has transferred after September 1, 1973 from a village to a town police department is entitled to service credit. We note, finally, that while it may be that petitioner is guilty of laches for failure to make demand until a lapse of time of more than five years (see *Matter of Barbolini v Connelie,* 68 AD2d 949), appellant did not raise the defense of laches in its moving papers, and we will not consider such defense for the first time on appeal (see *Matter of. Hassett v Barnes,* 11 AD2d 1089). Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.