OPINION of the court

Per Curiam.

Order entered June 23, 1982, modified by granting plaintiff’s motion only to the extent of awarding her summary judgment in the sum of $3,002.94 and, as modified, affirmed, without costs.
The facts are not in dispute. The plaintiff, employed in a noncompetitive position, was terminated, without fault on her part, after approximately three and one-half years of city service. At that time, she had to her credit a total of 153 days unused time (vacation days and accumulated overtime). Pursuant to the enabling statute (General Municipal Law, § 92), previous Mayors by executive orders *869 (p.o. Nos. 16/1974, 24/1977) had provided for lump-sum cash payments to employees separated for other than fault, with less than 10 years of service, of “up to two years of unused annual leave plus active overtime credits, providing the total does not exceed 54 days.”
Absent a statute or a contractual basis for recovery, an employee is not entitled to cash payment on separation from city service for other than his scheduled salary entitlement (Stetler v McFarlane, 230 NY 400, 408; Lombardi v City of New York, 46 AD2d 750, affd 38 NY2d 727; Coates v City of New York, 49 AD2d 565). While accepting this as an accurate statement of the law, the plaintiff contends that where separation occurs without fault, a refusal to pay all unused time credited to her would constitute a taking of property without due process of law. The plaintiff’s argument rests primarily on a Fourth Department case (Clift v City of Syracuse, 45 AD2d 596, 600) and particularly this language: “But when the city discharges an employee without having either given him the opportunity to use the vacation he has earned, or in the alternative, compensating him with its monetary value, it transgresses the due process requirements of both the New York State and United States Constitutions and it should not be permitted to do so.” The result in Clift appears not to be in accord with the earlier cited weight of authority in this subject area and, in any event, is distinguishable, in that the plaintiff therein was not permitted to use his vacation time as it accrued and was promised by his superiors that he would be able to take the time “when it became convenient”. There is no claim that this plaintiff was lured into such a disadvantageous position here.
As noted in Coates v City of New York (supra, p 566), section 92 of the General Municipal Law “permits, but does not require” cash payments for unused accrued vacation or overtime. Where a municipality has nevertheless provided for such cash payments, something it need not have done, it should be able to restrict the amount of those payments without running afoul of due process requirements. Absent any mayoral order pursuant to section 92, plaintiff employee could not put her finger on some statute permitting payment (Stetler v McFarlane, supra), and equitable con-
*870 siderations alone would not serve to remove that initial burden (Grossman v City of New York, 71 Misc 2d 234). Where there is a mayoral order permitting payment, absent which the plaintiff arguably would have no case, plaintiff must be bound by its terms.