■ In the Matter of DAVID RUBINSTEIN, Respondent, v JOHN D. SIMPSON, as President of New York City Transit Authority, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination, dated February 22, 1982, which terminated petitioner's employment, the appeals are from (1) so much of a judgment of the Supreme Court, Kings County (Morton, J.), dated January 5, 1983, as ordered the New York City Transit Authority to pay to petitioner in one lump sum the amount due for petitioner's accrued unused vacation time and (2) so much of an amended judgment of the same court, dated March 22, 1983, as, upon reargument and renewal, adhered to its original determination.

Appeal from the judgment dated January 5, 1983, dismissed as academic, without costs or disbursements. Said judgment was superseded by the amended judgment dated March 22, 1983.

Amended judgment dated March 22, 1983 reversed, insofar as appealed from, without costs or disbursements, and proceeding dismissed on the merits. Judgment dated January 5, 1983 modified accordingly.

Petitioner, who was dismissed from his position as a conductor in the New York City Transit Authority on the ground of misconduct, commenced this proceeding pursuant to CPLR article 78 to review that determination. Special Term denied the petition in all respects, except that the New York City Transit Authority was ordered to pay petitioner an amount equivalent to the monetary value of accrued vacation time which had not been used by petitioner at the time of his dismissal. Upon appellants' motion for renewal and reargument, Special Term adhered to its original determination. The appeals are from so much of the original judgment as directed the payment for accrued unused vacation time, and from so much of the amended judgment as, upon renewal and reargument, adhered to that determination. Petitioner has not cross-appealed. Thus, the sole issue presented for our determination is whether an employee of the New York City Transit Authority who has been dismissed on the basis of misconduct is entitled to be paid the cash value of vacation time which had accrued but had not been used at the time of dismissal. We conclude that he is not.

In the absence of statutory or contractual authority, a public employee whose employment has terminated may not recover the monetary value of unused vacation time that had accrued as of the date of termination (*Coates v City of New York,* 49 AD2d 565; *Smith v City of New York,* 120 Misc 2d 868; *Grossman v City of New York,* 71 Misc 2d 234; *Rosenthal v Walsh,* 69 Misc 2d 612; *Spitalnik v City of New York,* 56 Misc 2d 183; *cf. Clift v City of Syracuse,* 45 AD2d 596; *Vaccaro v Board of Educ.,* 54 Misc 2d 206). In this case petitioner failed to establish the existence of any statute, regulation, order or contractual provision authorizing the payment of such sum. The New York City Transit Authority is a public benefit corporation created by the State (Public Authorities Law § 1201 [1]; *Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth.,* 44 NY2d 101, 107) which, although fiscally interdependent with the City of New York, is a separate entity (*Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth., supra,* pp 111-112). Thus, petitioner may not rely upon General Municipal Law § 92 (1), which provides, *inter alia,* that the Mayor of the City of New

York *may,* by order, authorize cash payment of the monetary value of accumulated and unused vacation time as of the date of a city officer's or employee's separation from service. We note that even if petitioner had been an employee of the city rather than of the Transit Authority, section 92 would merely permit, but not require, the city to enact provisions whereby cash payments could be made in certain instances to former public employees (*Coates v City of New York, supra,* p 566; *Smith v City of New York, supra,* p 869).

The State has empowered the Transit Authority to grant, in its discretion, cash payments to the surviving spouse or the estate of a deceased employee representing, *inter alia,* the monetary value of accumulated and unused vacation time standing to the employee's credit at the time of death (Public Authorities Law § 1204 [6]). However, there is no similar statutory authorization in cases involving termination of employment for reasons other than the employee's death, and we must therefore conclude that no such authorization was intended (McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Finally, we are of the view that *Clift v City of Syracuse (supra)* is distinguishable from the case *sub judice* and, therefore, should not have been relied upon by Special Term in awarding petitioner payment for accrued unused vacation time. In *Clift* (*supra,* p 600), the Appellate Division, Fourth Department, held that where a city employee's services are involuntarily terminated without having afforded him the opportunity to use such vacation time as he has earned or, alternatively, without compensating him with its monetary value, the city violates the due process requirements of both the State and Federal Constitutions. However, the employee in *Clift,* owing to the demands of his particular job, had not been permitted to take his vacation time as it became due. Instead, he had been promised that he would be permitted to accumulate his vacation time over a period of years and that he would be allowed to use the time at some future date, if and when it became convenient to do so. After seven years of service, the employee requested permission to use the time, and he was fired the following day (*Clift v City of Syracuse, supra,* p 597). Thus, it is clear that *Clift* involved equitable considerations that are simply not present in the case at bar. There is no claim here that petitioner ever refrained from using vacation time on the basis of representations or promises by his superiors, and it cannot be said that he "was lured into such a disadvantageous position" as the employee in *Clift* (*Smith v City of New York, supra,* p 869). In sum, we perceive no basis in this case for departure from the rule barring a public

employer from paying its terminated employee the cash value of accrued unused vacation time in the absence of a statutory or contractual provision to the contrary. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.