■ WILBUR CURTIS et al., Appellants, v TOWN OF CLINTON, Respondent.—In an action to recover property damages, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered May 28, 1987, which denied their motion for leave to enter a default judgment and granted the defendant Town of Clinton's cross motion to open its default in answering.

Ordered that the order is affirmed, with costs.

In support of its cross motion to vacate its default in answering, the defendant presented an affidavit from its newly elected Town Clerk who received the service of process. Due to her inexperience in such matters, she filed away the papers without notifying other town officials of the pending action.

The determination of what constitutes a reasonable excuse for a default "lies within the sound discretion of the trial court" *(De Vito v Marine Midland Bank,* 100 AD2d 530, 531; *Vernon v Nassau County Med. Center,* 102 AD2d 852). We agree with the finding of the Supreme Court that the defendant demonstrated a reasonable excuse for its delay *(see,* CPLR 5015 [a] [1]). The bureaucratic error was not willful nor did it result in a lengthy delay. In addition, the defendant expeditiously cross-moved to vacate its default upon receiving notice that the plaintiffs intended to enter a default judgment *(see, Stolpiec v Wiener,* 100 AD2d 931; *Matter of Johnson v Town Bd.,* 85 AD2d 694).

The affidavit of merit submitted by the defendant was sufficient to raise a potentially meritorious defense as the defendant unequivocally denied any responsibility for the cause of excessive water flow onto the plaintiffs' property *(see, Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908).

Under the circumstances of this case, it was not an abuse of discretion to vacate the defendant's default. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.