Hon. Edward V. Regan Comptroller, New York State Department of Audit and Control
Your counsel has inquired whether a designation made pursuant to a provision in the collective bargaining agreement between the State of New York — Unified Court System (Office of Court Administration) and the State Court Officers Association, Local 598, which provides for payment to a designated beneficiary of a deceased employee's unused annual leave and accrued overtime benefits, results in a valid testamentary disposition. You indicate that absent a "valid statutory authorization", you cannot "comply with the deceased employees' desired disposition of these accruals and would also be constrained to view such designations as invalid in the future".
As you correctly point out, ordinarily, a gift intended to take effect upon the donor's death is testamentary in nature and, unless authorized by statute or decision, must conform with the requirements of the Statute of Wills as set forth in Article 3 of the Estates, Powers and Trusts Law (EPTL) (Gruen v Gruen, 68 N.Y.2d 48 [1984]). In our opinion, authorization for the payments in question is provided by section 13-3.2
of the EPTL which creates an exception to the Statute of Wills for certain employee benefit plans.
The predecessor of section 13-3.2 was enacted in 1952 as section 24-a of the Personal Property Law to ensure that the designation of a beneficiary under specified employee benefit plans and insurance contracts would "not be impaired or defeated by any statute or rule of law governing the transfer of property by will, gift or intestacy". Section 24-a was amended by chapter 674 of the Laws of 1954. The language of that provision is reflected in current law. In 1966 (L 1966, ch 952), the content of section 24-a of the Personal Property Law and of other provisions relating to estates, powers and trusts scattered throughout State law were consolidated in a new Estates, Powers and Trusts Law. The statute was prompted by court decisions which cast doubt on the validity of such transactions (see, Recommendation of the Law Revision Commission to the Legislature, Leg. Doc. 163, No. 65[a] 1952; McCarthy v Pieret, 281 N.Y. 407 [1939]). The statute covers, inter alia, payments "under a pension, retirement, death benefit, stock bonus or profit-sharing plan, system or trust", even though the designation of the beneficiary is revocable and the money or other property receivable is "not yet payable at the time the designation is made or [is] subject to withdrawal, collection or assignment by the person making the designation" (EPTL, § 13-3.2[b]).
You suggest that the contract provision in issue, which is classifiable, if at all, only as a death benefit under section 13-3.2, is not encompassed by the statute apparently because Civil Service Law, § 154, which you say defines the death benefit available to State employees, is not broad enough to include employee vacation and overtime accruals. In our view, section 154 is irrelevant since it simply describes a particular death benefit but in no sense limits what may be death benefits for public employees. We believe that an employee death benefit of the kind in issue can be authorized pursuant to a collective bargaining agreement negotiated under the Taylor Law. The contractual provision in issue is a term and condition of employment properly negotiated under that law (Public Employees' Fair Employment Act, Civil Service Law, § 204). See Matter of Rubinstein v Simpson,109 A.D.2d 885, 886 (2d Dept, 1985), holding that a public employee whose employment has terminated may not recover the monetary value of unused annual leave in the absence of statutory or contractual authority. Your office found that vacation leave is a term and condition of employment subject to collective bargaining and that a Taylor Law contract may include a provision for the conversion of accumulated vacation credit into cash upon the employee's resignation, retirement or death (1978 Opn St Comp, No. 78-334).
Further, in our view benefits so authorized are within the coverage of section 13-3.2 of the EPTL. Section 13-3.2 is not limited to employee benefits which are defined by statute. On the contrary, at the time of its enactment, the Legislature was aware that government employees were permitted to designate the persons to whom death benefits were to be paid under various retirement or pension plans. The Legislature also knew that such designations had been sustained by the courts on the ground that they were authorized by statute (see, Recommendation of the Law Revision Commission, supra, at pp 37-38; Moyer v Dunseith, 180 Misc. 1004 [Sup Ct, Kings Co], affd 266 App. Div. 1008 [2d Dept, 1943]). See also, former Civil Service Law, §§ 71, 80 and 82, the subject matter of which is currently covered by sections 51, 60 and 90 of the Retirement and Social Security Law, respectively.
Section 13-3.2 was intended, inter alia, to provide similar protection for revocable beneficiary designations made pursuant to employee benefit plans utilized in private business and industry. Such plans were typically contractual in nature, and not otherwise protected by statute or decision (Recommendation of the Law Revision Commission, supra, pp 11-12; Recommendation of the Committee on the Surrogates Court of the New York County Lawyers' Association, dated February 26, 1952; Memorandum by the Executive Secretary and Director of Research of the Law Revision Commission to the Legislature, undated [Governor's Bill Jacket, L 1952, ch 820]).
While it is true that private agreements stimulated the enactment of section 13-3.2, the language of the provision can be applied to both private and public contracts and the underlying concern was that the protection available to private and public employees be comparable. If Taylor Law contracts were excluded from section 13-3.2, a benefit available to private sector employees would be lacking for public employees. This is contrary to the legislative intent underlying the provision. Moreover, the Taylor Law was not enacted until 1967. Therefore, there could not have been any intention on the part of the Legislature to exclude from section 13-3.2 contractual benefits duly negotiated on behalf of government employees (see Auburn Police Local 195v Helsby, 62 A.D.2d 12, 16-17 [3d Dept, 1978], affd on opn below46 N.Y.2d 103 [1979]).
This interpretation is supported by the general language of section 13-3.2 which refers, without qualification, to the "employer" and to the "employee or participant" in a given benefit plan, and does not restrict the form which the specified benefits may take. See Estate ofHildebrand, NYLJ, May 6, 1983, p 18, col 1, in which the court held that a provision of an employment contract was an employee death benefit not subject to the surviving spouse's right of election under EPTL, §5-1.1, even though it was not a "classic kind of death benefit as exemplified by certain forms of insurance payouts". The exception for employee benefit plans under section 5-1.1 was enacted after section 13-3.2 and uses the same language used in EPTL, § 13-3.2(a)(1) (see EPTL, § 5-1.1[b][2][A]).
We note that even before enactment of the Taylor Law, Civil Service Law, § 6(1)(c) and General Municipal Law, § 92 authorized payment of the value of overtime credits and unused vacation time to beneficiaries of State and local employees who died in service. See former Civil Service Attendance Rule 2(2) which provided that
 "[u]pon separation from service by retirement or death, an employee or his estate shall be compensated in cash for his vacation credits not in excess of thirty days."
Section 23.1 of the present Civil Service Rules and Regulations contains a similar provision and also permits payment for up to 30 days of accrued overtime credits. These statutory authorizations are precedent for treating the value of overtime credits and unused vacation time as a form of death benefit available to public employees.
Inclusion of government employee benefits within section 13-3.2 is also consistent with the rationale expressed by the Law Revision Commission for recognizing particular kinds of will substitutes, e.g., provisions in insurance policies, United States Savings Bonds and government pension plans. It was felt that these devices have been "tolerated" because "the institutional setting and the signed writing normally involved" serve the two main purposes of the formal requirements of the Statute of Wills: "to insure that dispositions are carefully and seriously made, and to provide reliable evidence of the dispositions" (Recommendation of the Law Revision Commission, supra, p 11).
The designation in issue similarly serves the ritual and evidentiary purposes of the Statute of Wills in an institutional setting. The employee is required not only to complete a form, but to do so in the presence of a witness. Moreover, the form advises the employee that his estate will receive payment if no beneficiary is designated. He is therefore made aware of the consequences of his choice.
We conclude that the contractual provision about which you have inquired is encompassed by the language and purpose of EPTL, § 13-3.2. Therefore, the designation of a beneficiary in accordance with the requirements of the contract is not an invalid testamentary disposition and, absent any other objection, you may give effect to the deceased employees' intent.