■ In the Matter of MICHAEL S. KORNFELD, Respondent, v COUNTY OF NASSAU, Appellant. [812 NYS2d 627]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the County of Nassau to compensate the petitioner for accrued but unused compensatory time, the County of Nassau appeals, by permission, from an order of the Supreme Court, Nassau County (Galasso, J.), entered July 6, 2004, which denied its motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's employment with the County of Nassau was involuntarily terminated on February 7, 2003. On May 6, 2003 the petitioner served a notice of claim on the County, inter alia, seeking to be compensated for his accrued but unused compensatory time. On June 6, 2003 a hearing pursuant to General Municipal Law § 50-h was held at which the County refused the petitioner's demand. Contrary to the County's contention, the proceeding was not time-barred. Since this proceeding is in the nature of mandamus, the statute of limitations did not begin to accrue on the date of the petitioner's termination but rather on the date that the County refused his demand, inter alia, for compensatory pay (see CPLR 217; Matter of Johnson v Town Bd. of Town of Poughkeepsie, 85 AD2d 694 [1981]).

The County also contends that the petition, which seeks compensation for accrued but unused compensatory time, fails to state a cause of action because such compensation is neither authorized by statute nor contract (see NY Const, art VIII, § 1; Matter of Antonopoulou v Beame, 32 NY2d 126 [1973]; Matter of Rubinstein v Simpson, 109 AD2d 885 [1985]; Coates v City of New York, 49 AD2d 565 [1975]). Considering the facts in the light most favorable to the petitioner, accepting his proof as true and affording him every favorable inference that reasonably could be drawn therefrom, we conclude that the petitioner's allegation that the compensatory time was a condition of employment, and could not be taken away from him without compensation, states a valid cause of action (see Gendalia v Gioffre, 191 AD2d 476 [1993]; Clift v City of Syracuse, 45 AD2d 596 [1974]; cf. Matter of Rubinstein v Simpson, supra; see generally Leon v Martinez, 84 NY2d 83 [1994]). Accordingly, the Supreme Court properly denied that branch of the County's

motion which was to dismiss the proceeding pursuant to CPLR 3211 (a) (7). Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.