JOSEPH C. ANDRUZZI, Appellant, v COUNTY OF NASSAU et al., Respondents. [826 NYS2d 324]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered December 22, 2004, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) which were to dismiss the 1st through 4th, 7th, and 15th through 18th causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were to dismiss the 2nd through 4th, 7th, and 15th through 18th causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

An employee may, under certain circumstances, be entitled to recover for unused vacation and sick time when he or she is discharged without being given the opportunity to use the time and without being compensated for its monetary value (*see Clift v City of Syracuse*, 45 AD2d 596, 600 [1974]). This rule applies equally to a claim for compensatory leave benefits (*see Matter of Kornfeld v County of Nassau*, 27 AD3d 743 [2006]).

Here, the plaintiff alleges that he was terminated without being able to use accrued compensatory leave time and without being compensated therefor. He further alleges that he was led to believe that his accrued compensatory leave benefits could be used after termination to provide a continuing paycheck and payroll benefits. Since these allegations suggest that the plaintiff was lured into a disadvantageous position (*see Gendalia v Gioffre*, 191 AD2d 476 [1993]; *Matter of Rubinstein v Simpson*, 109 AD2d 885, 887 [1985]), the branches of the motion which were to dismiss the causes of action alleging entitlement to compensatory leave benefits should have been denied (*see Garrigan v Incorporated Vil. of Malverne*, 12 AD3d 400 [2004]).

Furthermore, discharging an employee without opportunity to use and without compensation for accrued leave time deprives the employee of property without due process of law in violation of state and federal constitutions (*see Clift v City of Syracuse, supra* at 600; *see also Gratto v Board of Educ. of Ausable Val. Cent. School Dist.*, 271 AD2d 175 [2000]; *Matter of Rubinstein v Simpson, supra*; cf. *Mansour v Abrams*, 144 AD2d 905 [1988]). Accordingly, the branches of the motion which were to dismiss the causes of action alleging deprivation of the plaintiff's property interests without due process should have been denied.

The first cause of action, sounding in defamation, was properly dismissed. The Supreme Court correctly concluded that the statement complained of was not reasonably susceptible of a defamatory interpretation (*see Weiner v Doubleday & Co.*,

74 NY2d 586, 593 [1989], *cert denied* 495 US 930 [1990]; *Serratore v American Port Servs.*, 293 AD2d 464 [2002]; *see also Howard v Alford*, 229 AD2d 996 [1996]). Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.