OPINION OF THE COURT
Yvonne Gonzalez, J.
*664 Petitioner brings this CPLR article 78 proceeding for (1) a judgment declaring that respondents’ denial of “retirement leave” to petitioner violated Education Law § 3107 and was arbitrary and capricious, and (2) to order respondents to provide back pay and all other benefits to petitioner for the period of the denied “retirement leave.” “Retirement leave” is essentially a method of providing compensation for unused sick leave immediately prior to an employee’s retirement. Respondents cross-move to dismiss the petition.
It is undisputed that petitioner was employed by Hostos Community College (HCC) from September 1972 until HCC terminated petitioner’s employment, effective July 21, 2006. It is undisputed that at the time of her termination, petitioner had in excess of 160 accumulated sick days. Nineteen days after petitioner’s termination date, on August 9, 2006, petitioner sought to apply for “retirement leave” pursuant to Education Law § 3107. HCC advised petitioner that she is not eligible for “retirement leave” under Education Law § 3107. On August 17, 2006, petitioner applied for a retirement pension benefit that was granted retroactive to August 1, 2006.
In pertinent part Education Law § 3107 provides:
“Members of the New York city teachers’ retirement system who are in the employ of the board of higher education and members of the permanent instructional staff of the board of higher education who are members of any other retirement system shall be eligible for retirement leave on the same basis as employees of the board of education . . . Such members shall upon application to the board of higher education be granted a retirement leave with full pay consisting of one-half of their accumulated unused sick leave, up to a maximum of one semester or the equivalent number of school days. . . .
“A retirement leave of absence shall be cancelled when a member on such leave files an application for immediate retirement or files an application for reinstatement to active service. . . .
“Any provision of law inconsistent with this section is hereby deemed superseded.” (Emphasis added.)
As an employee of the Board of Higher Education at the pertinent time, petitioner was entitled, under Education Law § 3107, to “retirement leave” on the “same basis” as instruc *665 tional staff of the Board of Education.* Petitioner ostensibly seeks “retirement leave” which is authorized for higher education instructional staff under Education Law § 3107, but, since she was terminated from employment at HCC, she actually seeks a form of “termination pay,” or “termination leave,” which is not authorized for higher education instructional staff under Education Law § 3107. “Termination pay” or “termination leave” is apparently provided by the NYCDOE to its employees who are terminated for cause. However, it is “retirement leave” not “termination leave,” “termination pay” or any other treatment of accumulated sick leave that is authorized for higher education instructional staff by Education Law § 3107. Espressio unius est exclusio alterius. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240.)
Petitioner appears to be arguing, sub silentio, that respondent must provide the same benefits for accumulated sick leave as NYCDOE does for its employees, upon separation from service, for whatever reason. However, Education Law § 3107 does not provide that accumulated sick leave will be treated on the “same basis” for both NYCDOE employees and higher education instructional staff. Rather, Education Law § 3107 provides that NYCDOE employees and higher education instructional staff shall be eligible for “retirement leave” on the same basis.
Furthermore, Education Law § 3107 clearly contemplates that higher education instructional staff members receiving “retirement leave,” are on a “retirement leave of absence” from employment, and such leave is cancelled when the staff member files an application for immediate retirement. At the time petitioner sought retirement leave, her employment was already terminated by HCC. She had no employment from which to take a “retirement leave of absence,” as petitioner’s employment was already terminated by HCC.
Under analogous facts the Second Department held with respect to unused vacation time:
“In the absence of statutory or contractual authority, a public employee whose employment has terminated may not recover the monetary value of unused vacation time that had accrued as of the date of termination (Coates v. City of New York, 49 AD2d 565; Smith v. City of New York, 120 Misc 2d 868; Grossman v. City of New York, 71 Misc 2d 234; *666 Rosenthal v. Walsh, 69 Misc 2d 612; Spitalnik v. City of New York, 56 Misc 2d 183; cf. Clift v. City of Syracuse, 45 AD2d 596; Vaccaro v. Board of Educ., 54 Misc 2d 206).” (Matter of Rubinstein v Simpson, 109 AD2d 885, 886 [2d Dept 1985].)
Accordingly, respondent’s motion to dismiss is granted, as the actions of HCC were neither arbitrary nor capricious and HOC did not violate Education Law § 3107. The petition is denied and the proceeding is dismissed.

 The Board of Education is now known as the New York City Department of Education, hereinafter referred to as NYCDOE.