Edgar J. Nathan, Jr., J.
This is a petition pursuant to article 78 of the Civil Practice Act. Petitioners are employed as sewage treatment workers in the Department of Public Works of the *85 City of New York. In essence, they are seeking to test the legality of respondent’s practice of requiring them to work overtime in excess of eight hours per day with compensatory time off rather than overtime pay, at the risk of disciplinary action if overtime work on such conditions is refused. It is respondent’s contention that if overtime pay were given it would exceed the budgetary allotment of 302 days per work year for these employees.
Under existing State law, eight hours constitute a legal day’s work for all classes of employees in this State engaged in public work (Labor Law, § 220, subd. 1). An exception is made in cases of extraordinary emergency or upon a dispensation of the Industrial Commissioner, in which case overtime work is compensated for by a premium wage commensurate with the premium wage rate prevailing in the area (Labor Law, § 220, subd. 2). This was slightly modified so far as New York City employees are concerned by the passage in 1957 of section 884-4.0 of the Administrative Code of the City of New York which provides: “ Notwithstanding the provisions of any other statute * * * the board of estimate may authorize the head of any agency to require any officer or employee in such agency or any class or group of officers or employees in such agency to work in excess of the maximum number of hours of employment prescribed * * * by any statute * * *; provided that each such officer or employee shall be paid overtime compensation for such work at not less than his regular basic pay rate ”.
It is not contended by respondent that the overtime practices complained of herein are due to extraordinary emergency or that special dispensation has been obtained. It is admitted that authorization was sought from the Board of Estimate, pursuant to the above-cited section of the Administrative Code, to permit overtime service for petitioners herein at their basic pay rate, and that this was not granted.
From the foregoing it would appear that respondent’s current practices with respect to excess maximum hours are nothing more than a circumvention of the public policy of this State as expressed by legislative enactment. The court is of course aware of the budgetary problems facing the city, but it cannot condone a practice so violative of existing law, enacted for the protection of city and State employees in the lower pay brackets. It is, therefore, incumbent upon respondent to discontinue its present practices in the absence of authorization as required by statute. The defenses urged by respondent in opposition hereto relate to issues not in this proceeding and are, therefor^ inapplicable.
*86 The petition is granted to the extent of prohibiting respondent from requiring petitioners to work overtime in excess of eight hours per day, in the absence of authorization for the payment of overtime compensation therefor. Petition is in all other respects denied. While the court may enjoin respondent from unlawful practices, it cannot direct Mm to petition the Board of Estimate for overtime pay authorization.