Robert W. Sloan, J.
This is a proceeding, in the nature of mandamus brought pursuant to article 78 of the Civil Practice Law and Rules, to compel the Police Commissioners of the City of Cortland to cancel a work schedule alleged to be in violation of section 1 of chapter 360 of the Laws of 1911, as amended, and to direct that a work schedule in conformity with said statute be adopted. The petitioners are 3 of 22 patrolmen of the City Police Department to which the criticized work schedule applies.
Section 1, as amended by chapter 964 of the Laws of 1957, which became effective July 1,1957, provides insofar as it applies here as follows: ‘1 Within thirty days after this section as hereby amended takes effect, the commissioner of police, superintendent of police, chief of police, or other officer or officers, having the management, control or direction of the police force * * * shall not assign any patrolman thereof who may be on duty in the open air, on the streets or other public places to more than one tour of duty; such tour of duty shall not exceed eight consecutive hours of each consecutive twenty-four hours and no patrolman shall be assigned to more than forty hours of duty during any seven consecutive day period; except in an emergency as described in this section or for the purpose of changing tours of duty.”
A work schedule, adopted by the Board of Police Commissioners on January 22, 1964 for a period beginning February 3 and ending March 15, 1964 divides the police force into 9 groups and assigns each to 8-hour tours of duty. As to Groups 4 to 9, both inclusive, of which the petitioners are Group 6 and which includes the majority if not all of the members of the force assigned as patrolmen to duty in the open air, on the street or other public places, the work schedule assigns each to tours of duty for 7 consecutive days or 56 hours, in 12 instances, and 6 consecutive days, or 48 hours, in 9 instances. Thus, the assignments of duty in the 21 instances which exceed 40 hours in any 7-consecutive-day period, 3 of which apply to these petitioners, are obviously in violation of the statute. The petitioners are clearly entitled to have this work schedule cancelled by the Police Commissioners. (Matter of Schilt v. Murphy, N. Y. L. J., Aug. 18, 1961, p. 3, col. 7; Matter of Del Gaudio v. Zurmuhlen, 29 Misc 2d 84.) No further relief is necessary or available in this proceeding.
*350 The respondents maintain that the petitioners may not succeed here because they have not exhausted the grievance procedure for municipal employees provided by article 16 of the General Municipal Law, which was adopted in almost identical form by the City of Cortland to become effective October 1, 1963. This procedure gives a public employee the right to present and he may present any grievances which “ relate to or involve employee health or safety, physical facilities, materials or equipment furnished to employees or supervision of employees ” to his employers so that their differences may be settled without coercion, interference, restraint, discrimination, or reprisal against the employee. The procedure does not apply to any matter which is otherwise reviewable pursuant to law (General Municipal Law, § 602, subd. 4). The clear violation of a mandatory statute which loaves no room for the exercise of judgment or discretion on the part of the employer or its officers is not one of the ‘ ‘ grievances ’ ’ contemplated by article 16 of the General Municipal Law, or the grievance procedure adopted by the City of Cortland pursuant thereto. Further the grievance procedure is optional with the employee and is not his sole or exclusive remedy.
Finally, this proceeding is one in the nature of mandamus to compel the performance of a duty specifically required by law and not one to review a determination involving an exercise of judgment or discretion. In such an instance the doctrine of exhaustion of administrative remedies does not apply. (Matter of Van Allen v. McCleary, 27 Misc 2d 81; Matter of Leonard v. Horton, 278 App. Div. 62; Matter of Buffalo Audio Center Arrolite Co. v. Union Free School Dist., 29 Misc 2d 871, affd. 15 AD 2d 991.)
The petitioners’ application is granted to the extent hereinbefore indicated.