Paul J. Widlitz, J.
Plaintiff moves to dismiss the affirmative defenses (CPLB 3211, subd. [b]) and for summary judgment. Defendant cross-moves to dismiss the complaint (CPLB 3211, subd. [a], par. 1), or in the alternative, to stay the action pending the exhaustion of the administrative grievance procedure of the school district. The alternative relief requested is wrongly denominated as to compel arbitration and to stay the action pending arbitration. It is clear from the reading of the papers that defendant has resisted a determination of this matter by any impartial body and is unwilling to have this matter settled by arbitration and in reality defendant seeks to enforce its grievance procedures.
In essence the parties agree that there is no factual issue. The parties rely upon the documents submitted and seek a declaration of their respective rights pursuant to a collective bargaining agreement, dated July 1, 1968. This matter was previously before this court, but a determination on the merits was precluded because of plaintiff’s failure to comply with section 3813 of the Education Law. The defect has been corrected. A notice of claim and new pleadings were served, addressed to the 1969-70 school year.
The issues presented are substantially the same as those presented on the previous motion except that the relief requested is applicable only to the 1969-70 school year. The agreement was made pursuant to the provisions of the Public Employees’ Fair Employment Act (Civil Service Law, art. 14) commonly *50 called the Taylor Law. The pertinent portions of the agreement provide that during the 1968-69 and 1969-70 school years, clerical employees of the school district should work 7 hours a day, 5 days a week (art. IV of agreement). In article X it is stated that regularly employed personnel shall be entitled to a vacation not to exceed 20 days a year (§ 1 [a]) and it further specified in section 5 of article X that ‘ ‘ the official school calendar will serve as the work calendar for secretarial personnel, except that such personnel will be required to work three (3) days during the Easter Recess and during the months of July and August as herein provided.” There is no mention in the agreement as to the Christmas recess and if it were not for the School Administrative Code, the Christmas recess would be fixed in accordance with the official school calendar. The School District Administrative Code provides in article VT (§ F, subd. 8C [2]), “vacation privileges for employees shall consist of 20 working days including the following: Christmas recess (5 days), Holy Thursday and the Friday following Thanksgiving. (All legal holidays are excepted).”
Article XVII of the agreement provides as follows: ‘ ‘ Except as modified or amended by this Agreement, the provisions of the District Administrative Code or By-laws respecting or affecting the terms and conditions of employment of the employees referred to herein are hereby incorporated by reference into this Agreement and are made a part hereof.” The agreement dated July 1, 1968 is clear and unambiguous on its face, and other than for the exceptions specified in the agreement, that is, 3 days during Easter and the months of July and August, the official school calendar determines the work schedules for secretarial personnel.
When a contract is clear in and of itself, circumstances extrinsic to the document may not be considered (General Phoenix Corp. v. Cabot, 300 N. Y. 87) and where the intention of the parties may be gathered from the four corners of the agreement, interpretation of the contract is a question of law and no trial is necessary to determine the legal effect of the contract (Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 460). It is not for the court to enlarge the contract by inserting provisions which the parties could have negotiated and agreed upon but did not (Janos v. Peck, 21 A D 2d 529, 533, affd. 15 N Y 2d 509; Frankel v. Tremont Norman Motors Corp., 21 Misc 2d 20, 22, affd. 10 A D 2d 680, affd. 8 N Y 2d 901). The court agrees with the conclusions of Mr. Justice D’Atjria when he Shad this matter before him and stated that ‘' the Court finds that there is no justification for the defendant’s position *51 in this matter.” The provisions of the School District Administrative Code, the only instrument treating with the 5-day vacation charge for Christmas recess, are incorporated into the agreement of the parties.
This court determines that the clerical employees’ work schedule was to be the official school calendar with the exception of (a) the Easter recess three days, (b) the summer schedule provided in the agreement, and (c) the five days of the Christmas recess.
A remaining issue exists, however, as to whether this matter should have first been presented through the grievance procedure before resort to the court. Such act on behalf of plaintiff obviously would prove futile, for the school board has already made its unalterable position known and there is no indication of a willingness upon its part to submit this matter to any impartial body for determination. However, article XV of the agreement does provide for grievance procedures and defendant’s contention, no matter how specious, must be considered.
The definition of grievance included within defendant’s Exhibit “ B ”, apparently based upon the definition, contained in section 682 of the General Municipal Law, is as follows:
“ A grievance may concern any condition tending to endanger or handicap an employee in the proper discharge of his duty. Grievance shall mean any claimed violation, misinterpretation or inequitable application of the existing laws, rules, procedures, regulations, administrative orders or work rules of the East Meadow Public Schools * * * except that such grievance shall not include any matter involving the following: “ a. Questions including employee’s rate of compensation;
“ b. Questions about retirement benefits;
“ c. Questions relating to formal disciplinary proceedings;
“ d. ‘ Any matter which is otherwise reviewable pursuant to law or any rule or regulation having the force and effect of law.’ ”
Then follows the outline of a three-step procedure which would culminate in a determination by the very persons who have already rejected this claim. Clearly this grievance procedure and machinery is meant to deal with the day-to-day frictions and misunderstandings in the course of employment and the working conditions, health, safety and other factors incidental to the performance of duties but certainly not as to the substantial terms of the contract of employment (see Matter of Pinto, 43 Misc 2d 363, affd. 22 A D 2d 914; Matter of Trim v. Milham, 42 Misc 2d 348). The grievance procedure is clearly *52 inapplicable to the work and vacation schedules of these employees, since those items are governed exclusively by the collective bargaining agreement.
Accordingly a judgment should be submitted declaring that defendant has violated the collective bargaining agreement by requiring services on days not required by the agreement and by the making of improper charges to vacation, and directing the defendant to either pay these employees for those three days or grant them three additional days of vacation, and to restore to these employees any improper charges to sick leave or to wages for failure to report to work on those days not required under the agreement. Defendant’s cross motion is denied.