John T. Casey, J.
This is an article 78 proceeding in the nature of mandamus. Petitioner seeks a judgment directing the respondent to recalculate his “ final average salary ” under section 302 (subd. 9, par. b) of the Retirement and Social Security Law.
Petitioner was a member in good standing of the Nassau County Police Department for approximately 21 years until his retirement on January 2,1971. On March 8,1971 a collective bargaining agreement was signed between the Nassau County Patrolmen’s Benevolent Association and Nassau County wherein the terms and conditions of employment of members of the Nassau County Police Department were set forth. The agreement was made retroactive to January 1, 1971.
Under subparagraph 7 (m) of that agreement employees who had satisfied certain conditions were entitled to a lump-sum cash termination payment computed on an entitlement basis of three days for each year of completed service. In addition, employees who were entitled to a cash payment for accumulated terminal leave were entitled to a lump-sum cash payment for accumulated and unused sick leave to the extent of 50% thereof, but not to exceed 165 working days.
When petitioner retired he was paid termination pay and for 150 days ’ unused sick leave. Some time thereafter the petitioner was notified that for purposes of computing his final average salary ” only nine days’ termination pay and none of the sick pay were considered. A hearing was held and the hearing officer denied petitioner’s application for a redetermination. Petitioner then instituted the present proceeding; the respondent, in lieu of an answer, raised objections in point of law and sought to dismiss the petition under CPLR 7804 (subd. [f]). Special Term denied the respondent’s motion and directed him to interpose an answer.
Respondent’s answer contains several affirmative defenses. In the first affirmative defense the respondent alleges that petitioner cannot obtain any benefits under the 1971 collective bargaining agreement because he retired prior to its execution. In another affirmative defense, respondent claims that the payment inclusion of termination pay in the computation of “ final average salary ’ ’ amounts to an unconstitutional gift of public funds. The respondent further argues that payment for accrued sick leave cannot be used in the computation of “ final average salary ’ ’.
Termination payments represent compensation for services actually rendered and are properly includable in the computa *1093 tion of a petitioner’s “ final average salary (Lecci v. Nickerson, 63 Misc 2d 756; cf. Board of Educ. v. Associated Teachers of Huntington, 36 A I) 2d 753.) This does not mean, however, that the petitioner should be credited with the full amount of the cash payments received for termination payments. “ Final average salary ’ ’ under paragraph b of subdivision 9 of section 302 of the Retirement and Social Security Law is defined as: “In the case of a member having credit for three years or more of member service, such term [final average salary] shall mean his highest average annual compensation earned during any three consecutive years of member service for which he is credited ” (emphasis added). Annual compensation is defined in subdivision 2 of that section as follows: “a. The salary or wages annually earnable by a member * * * or any allowance in lieu thereof, received by the member. ”
The petitioner is entitled to have the amount of money received for payment of the termination credits actually earned in the years which are to be used as the base for the computation of his “ final average salary ”.
The termination pay was earned at a rate of three days per year of service. The payment of the amount so earned, however, was deferred or withheld until petitioner had satisfied the other requirements of subparagraph 7 (k) of the collective bargaining agreement. (Cf. Local 456 Int. Brotherhood of Teamsters v. Town of Cortlandt, 68 Misc 2d 645.) This being so, the respondent is correct in his contention that the amount of termination pay properly included in computing the final average salary is the amount actually earned by the petitioner each of the three years from which the “final average salary” is determined. Petitioner is entitled, therefore, to three days’ termination pay in each year of the three-year period for a total of nine days’ termination pay.
Cash payments for unused sick leave represent payments for services actually rendered. (Cf. Kranker v. Levitt, 30 N Y 2d 574; Local 456 Int. Brotherhood of Teamsters v. Town of Cortlandt, supra.) Apparently, however, there is a legislative policy excluding such payments from the computation of petitioner’s ‘ ‘ final average salary ’ ’. Section 341 of the Retirement and Social Security Law governs the allowance for service for members of the policemen’s and firemen’s retirement system.
Subdivision j of section 341 provides: “ j. Allowance for unused sick leave for members in the employ of the state, 1. In addition to any other service credit to which he is entitled, a *1094 member who meets the requirements set forth in paragraphs two and three of this subdivision shall be granted one day of additional' service credit for each day of accumulated unused sick leave which he has at time of retirement for service, but such credit shall not (a) exceed one hundred sixty-five days, (b) be considered in meeting any service or age requirements prescribed in this chapter, and (c) be considered in computing final average salary. ”
The allowance for unused sick leave is limited to the policemen and firemen employed by the State of New York. Title 5 of the Retirement and Social Security Law concerns the participation in the policemen’s and firemen’s retirement system by certain political subdivisions and other organizations. Section 333 (which is part of title 5) provides: “By the adoption, filing and approval, where required, of a resolution in the manner provided by section three hundred thirty or section three hundred thirty-one of this article, a participating employer may elect to provide for its own employees any of the benefits provided for persons inthe employ of the state listed in subdivision a or subdivision b, or both of them, as follows: a. subdivision j of section three hundred forty-one ”.
The legislative scheme seems to be that a policeman or fireman employed by an organization or political subdivision other than the State of New York may receive benefits coextensive with that of an employee of the State only if his employer makes an election under section 333. Conversely, absent such an election such an employee’s benefits would be less than those of the State employees. There was no election by Nassau County pursuant to section 333. Even if there were, the payment for unused sick leave could not be used in computing the final average salary because it is specifically excluded therefrom by section 341 (subd. j, par. 1, cl. [c]). It is difficult to see low Nassau County by not making an election under section 333 could obtain greater benefits for its members than it would have had it made such an election.
The respondent argues that petitioner should not get the benefits of a contract executed after his retirement. The agreement was made retroactive from January 1, 1971. At that time petitioner was a member of the police force and thus received all of the benefits thereunder and was, therefore, entitled to the benefits conferred by the contract. (Matthews v. Jeremiah Burns, Inc., 205 Misc. 1006.) To hold otherwise would require the benefits received by any employee of the police department to fie computed on the basis of that employee’s time in service when *1095 the contract conferring those benefits was executed. Such a procedure would be cumbersome and unworkable.
There is no evidence of any prior conduct by the Comptroller which would bring this case within the ambit of Kranker v. Levitt (30 N Y 2d 574, supra).
The relief requested in the petition is denied.