Martin B. Stecher, J.
The plaintiff is the administratrix of the estate of her deceased husband who at the time of his death was an employee of the City of New York. She seeks recovery for her late husband’s earned, unused and unpaid terminal leave allowance, annual leave and overtime service. She now moves for summary judgment (CPLR 3212) and the defendant cross-moves for similar relief.
It has long been hornbook inequity in the State of New York that, in the absence of a statute, chief fiscal officer’s determination, collective bargaining agreement or other enforceable employment agreement, a municipality or other public employer is entitled to retain the benefits of a deceased or retired employee’s overtime service and unused leave time without compensating him or his estate (contra, see Gilmore v. City of New York, 58 Misc 2d 1029). The denial of payment is bottomed on the theory that as such compensation is not budgeted by the employer, it would be disruptive of budgeting procedures to increase the employee’s pay by cash for vacation or overtime (Nolan v. State of New York, 44 N. Y. S. 2d 328). To overcome the disability imposed by case law, the plaintiff’s attorney seeks to establish that his client is entitled to compensation by virtue of a collective bargaining agreement.
Albert Lombardi, for more than 20 years and to the time of his death, was employed as a sewage treatment worker in the Department of Water Resources of the City of New York. A “ Leave Regulation” promulgated by the comptroller of the city effective May 1, 1961, as amended by orders dated February 4, 1969 and May 1, 1970, gave to Lombardi and other per diem employees a fixed annual leave of 27 working days a year and terminal leave of one month for each 10 years of service. Leave time unused for more than one year was to be added to accumulated sick leave which could be accrued to the extent of 180 days.
At some time prior to January 28,1971, the decedent, individually and through his union, District Council 37, filed a complaint *1059 under section 220 of the Labor Law which requires the city to pay certain categories of labor ‘1 prevailing wages ’ ’ as therein defined (Matter of Gaston v. Taylor, 274 N. Y. 359). The dispute was settled and the terms of the settlement were embodied in a comptroller’s determination dated January 28,1971, “ compromising and settling certain disputes of basic rights of wages (and) supplemental benefits ”. Among its provisions were wage apd overtime wage rates; contributions to a welfare fund; waivers by the employees of their right to enforce certain statutory privileges of claims for back differentials and for claims to interest for retroactive increases; and an acknowledgment that the rates set forth in the determination were not “ true prevailing rates and supplemental benefits but shall be considered rates and benefits in compromise and settlement of all issues of law and fact.”
The settlement determination also provided that the employees waive certain supplemental benefits “ except that such benefits * * * existing in their respective departments shall continue; subject to the Uniform Leave Regulations as published by the Comptroller in a separate publication effective May 1, 1961, as amended”. The plaintiff argues that the determination is a collective bargaining agreement which cannot be disputed by the comptroller by virtue of the admissions contained in the determination. The plaintiff asserts that the agreement incorporates the leave regulation as a benefit; that in exchange the employees yielded specified rights; and that, as a consequence, all of the benefits conferred by the agreement are enforceable without regard to prior case law prohibiting payments after death or retirement as gratuities (Matter of Teachers Assn. Cent. High School Dist. No. 3 v. Board of Educ., 34 A D 2d 351; Lecci v. Levitt, 71 Misc 2d 1091).
The plaintiff’s respective claims — terminal leave allowance, annual leave and overtime compensation — must be considered separately.
I am in accord with the plaintiff’s conclusion that the right to annual leave, including accrued annual leave, is a bargained-for benefit and enforceable as a contractual obligation of the city. The difficulty with the plaintiff’s position is, however, that the cases she cites (Matter of Teachers Assn. Cent. High School Dist. No. 3 v. Board of Educ., supra; Lecci v. Levitt, supra) involve collective bargaining agreements which provide for such cash payments. Her late husband’s agreement does not. The plaintiff being unable to point to a statute or agreement authorizing this payment, her claim for cash in lieu of her late husband’s *1060 unused annual leave must be denied and dismissed (Stetler v. McFarlane, 230 N. Y. 400, 408).
The claim for overtime compensation requires a different conclusion. The rationale of denying payment in cash for overtime after an employee has died or retired was the fact that his hourly, weekly or annual compensation was based upon a fixed budgetary provision; and to pay him in cash for overtime rather than granting compensatory time off would, in fact, be an enlargement of the budget without the concurrence of the budget-making authority (Crane v. City of New York, 185 Misc. 456, 459, affd. 270 App. Div. 930, affd. 296 N. Y. 717). Here, however, the agreement of the parties contradicts the agreement. The determination of the comptroller dated January 28, 1971, provides “ effective January 1, 1971 overtime after 40 hours actually worked shall be paid in cash at time and one-half ” in accordance with a stated schedule. Certainly, the Comptroller of the City of New York was and is the proper authority to enter such an agreement and make such a determination (Labor Law, § 220; Matter of Gaston v. Taylor, 274 N. Y. 359, supra). It is apparent that the budget-making authority did, in fact, contemplate payment for overtime in cash and sums earned became vested and the plaintiff is entitled to recover for overtime earned on and after January 1, 1971.
The plaintiff contends that she is also entitled to recover overtime for a prior period, citing Del Gaudio v. Zurmuhlen (29 Misc 2d 84). Reliance on that case is misplaced, the court having held there that although the city could not require overtime labor without cash compensation, the court could not require that the city pay cash for such overtime. No recovery may be allowed for overtime served prior to January 1,1971.
Finally, we come to the question of terminal leave allowance. Of the many cases cited by both parties (e.g., Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v. Associated Teachers, 30 N Y 2d 122; Lecci v. Levitt, 71 Misc 2d 1091, supra; Matter of Teachers Assn. Cent. High School Dist. No. 3 v. Board of Educ., 34 A D 2d 351, supra; Lecci v. Nickerson, 63 Misc 2d 756; Forino v. City of Troy, 42 A D 2d 647; Gilmore v. City of New York, 58 Misc 2d 1029, supra; Konig v. McCoy, 71 Misc 2d 593; Weber v. Levitt, 41 A D 2d 352; Grossman v. City of New York, 71 Misc 2d 234; Del Gaudio v. Zurmuhlen, 29 Misc 2d 84, supra; Rosenthal v. Walsh, 69 Misc 2d 212; Spitalnik v. City of New York, 56 Misc 2d 183; Nolan v. State of New York, 44 N. Y. S. 2d 328, supra; Hess v. Board of Educ. of Cent. School Dist. *1061 No. 1, 41 A D 2d 151; Simon v. City of New York, 151 N. Y. S. 2d 218; Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v. Associated Teachers, 30 N Y 2d 122, supra; Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717, supra), none deals with terminal leave allowances with the possible exception of Biondi v. City of New York (N. Y. L. J., April 12,1974, p. 15, col. 3). An examination of the nature of this benefit compels the conclusion that the plaintiff is entitled to recover her late husband’s accrued terminal leave. Terminal leave is leave which the employee earned during more than 20 years of employment (cf. Weber v. Levitt, 41 A D 2d 452). In this respect, of course, it does not differ from accrued annual leave. It does differ, however, from accrued annual leave in another and important respect. It is the contemplation of the contracting parties, including the City of New York, that at the time an employee shall decide to retire, he shall be paid certain sums of money for which he shall render no further service. It is a fiction to keep him on the payroll as an employee, for he has no further duties; only benefits. He performs no service and is obligated to perform no service to receive these benefits. His benefits can only be paid in cash. They may be paid in installments or in a lump sum. The last day of Albert Lombardi’s labor was the day before his death. He had earned the cash terminal leave and there is no reason to deny it to his estate.
The motions of both parties for judgment are granted in part, to the extent above set forth. However, I cannot determine from the papers the sums of money to which the estate of Albert Lombardi may be entitled pursuant to the foregoing provisions of this decision. Accordingly, damages shall be assessed in the part of this court to which the action may be assigned on the filing of a note of issue and the payment of the appropriate fees.