THE HONORABLE ROBERT F. RUSK, ROY PAGNI, GERALD GROW, DWIGHT NELSON AND DICK SCOTT, THE BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY, NEVADA; WASHOE COUNTY, NEVADA; H. K. BROWN, WASHOE COUNTY CLERK; DON QUESTA, WASHOE COUNTY AUDITOR; THE HONORABLE ROBERT J. GALLI, SHERIFF OF WASHOE COUNTY, NEVADA, APPELLANTS, v. WILLIAM WHITMIRE, RESPONDENT.

No. 7734

October 30, 1975                                541 P.2d 1097

*Larry R. Hicks,* District Attorney, and *Larry D. Lessley,* Deputy District Attorney, Washoe County, for Appellants.

*Grellman & Polaha,* of Reno, for Respondent.

# **OPINION**

*Per Curiam:*

Respondent was employed as a deputy sheriff by the sheriff's office of Washoe County, Nevada, on April 12, 1971, and resigned from that position on November 30, 1972. It was stipulated that during that period of time he worked 357 hours of overtime for which he had not received compensatory time off.

At the time of respondent's resignation neither the statutes of Nevada, the ordinances of Washoe County, nor the rules of the sheriff's office contained any provision for payment of compensation to deputy sheriffs of that county for hours worked in excess of those prescribed.

There was no agreement to pay the respondent any extra compensation and he so testified.[1] While it had been the practice to award compensatory time off to deputy sheriffs when they had worked overtime, if approved by their superior officers, such practice was entirely voluntary and gratuitous within the sheriff's office and not in any way compelled.

After resigning, respondent filed a claim with Washoe County demanding payment for extra compensation for hours worked in excess of the eight-hour work day. When that claim was denied he filed suit alleging entitlement to monetary compensation. The trial court sitting without a jury found respondent to be entitled to $1,723.56 at "straight time rate" for 357 hours of overtime and accordingly entered judgment from which this appeal has been taken.

Reliance by the district court and respondent on Dunn v. City of Carson City, 88 Nev. 451, 499 P.2d 653 (1972), is misplaced. In *Dunn* this court reversed the judgment of the lower court dismissing a claim for declaratory relief on the issue of compensation for overtime. There a city ordinance governing the employment of Carson City police officers

---

[1]Question by Lew W. Carnaham, Deputy District Attorney of Washoe County, Nevada: "You were never told that you would not be paid?

Answer by William Whitmire, appellant: "I was aware that I would not be paid in cash."

specifically authorized payment for overtime, and we held that cognizable causes of action were stated by appellants under that ordinance for work already completed. Likewise, respondent's reliance on Mullen v. Clark County, 89 Nev. 308, 511 P.2d 1036 (1973), is misdirected. The question in *Mullen* was whether the Clark County Director of Juvenile Court Services was an "official" or an "employee." Here there is no dispute about respondent's status as a deputy sheriff who was specifically excluded from the limitations and restrictions delineated in NRS 281.100[2] concerning hours of employment.

"The fact that normal hours of work are established and compensating time off is provided for work beyond those hours does not, of itself, give the employee a right to payment for

---

[2]NRS 281.100 provides as follows:

"1. Except as otherwise provided in this section, the services and employment of all persons who are now, or may hereafter be, employed by the State of Nevada, or by any county, city, town, township or any other political subdivision thereof, are hereby limited and restricted to not more than 8 hours in any 1 calendar day and not more than 56 hours in any 1 week.

"2. The period of 8 hours' employment mentioned in this section shall commence from the time the employee takes charge of any equipment of the employer or acts as an assistant or helper to a person who is in charge of any equipment of the employer, or enters upon or into any conveyance of or operated by or for the employer at any camp or living quarters provided by the employer for the transportation of employees to the place of work.

"3. Nothing in this section shall apply to:

(a) Officials of the State of Nevada or of any county, city, town, township or other political subdivision thereof.

(b) Employees of the State of Nevada or of any county, city, town, township or other political subdivision thereof who are engaged as employees of a fire department, or to nurses in training or working in hospitals, or to deputy sheriffs or jailers.

(c) Employees of the legislative counsel bureau.

(d) Work done directly by any public utility company pursuant to an order of the public service commission or other public authority.

"4. Any employee whose hours are limited by subsection 1 may be permitted, or in case of emergency where life or property is in imminent danger may be required, at the discretion of the officer responsible for his employment, to work more than the number of hours limited. If so permitted or required, he shall receive, at the discretion of the responsible officer:

(a) Compensatory vacation time; or

(b) Overtime pay.

"5. Any officer or agent of the State of Nevada, or of any county, city, town, township, or other political subdivision thereof, whose duty it shall be to employ, direct or control the services of an employee covered by this section, who violates any of the provisions of this section as to the hours of employment of labor as herein provided, shall be guilty of a misdemeanor."

overtime. [Citation omitted.]" Pootel v. City and County of San Francisco, 270 P.2d 553, 555 (Cal.App. 1954). "The denial of payment is bottomed on the theory that as such compensation is not budgeted by the employer, it would be disruptive of budgeting procedures to increase the employee's pay by cash for vacation or overtime." Lombardi v. City of New York, 359 N.Y.S.2d 154, 155 (Sup.Ct. 1974). "Municipal employees are not entitled to compensation for overtime work in absence of a valid contract or law authorizing it." State Ex Rel. Beck v. Carter, 471 P.2d 127, 130 (Wash.App. 1970); 4 McQuillan, Municipal Corporations, § 12.194(a) (3d ed. 1968). Accord Grossman v. City of New York, 335 N.Y.S.2d 890 (Sup.Ct. 1972), reversing Grossman v. City of New York, 316 N.Y.S.2d 542 (N.Y. City Civ.Ct. 1970) (upon which respondent relies); Donohue v. Police Commissioner of Baltimore City, 298 A.2d 437 (Md.App. 1973); City of Homestead v. DeWitt, 126 So.2d 582 (Fla.App. 1961).

Here there was no statutory or other authority for payment of cash compensation to respondent, valid contract for such, or collective bargaining agreement covering the situation.[3]

The judgment is reversed.

---

[3]Briefs filed with this court by both appellants and respondent indicate that subsequent to respondent's termination of employment a collective bargaining agreement was entered into and an ordinance was enacted in Washoe County, Nevada, authorizing payment for overtime work performed by deputy sheriffs.