EDWARD J. HOGAN, Plaintiff-Appellant, *v.* THE CITY OF CENTRALIA, Defendant-Appellee.

Fifth District   No. 78-351

Opinion filed May 22, 1979.

John Womick, of Carbondale, for appellant.

Harold H. Pennock, Jr., of Hodson & Pennock, Ltd., of Centralia, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

On May 15, 1975, plaintiff Edward J. Hogan filed a complaint in three counts against the City of Centralia. The first count was an action to recover damages for an alleged breach of an employment contract between Hogan and the city. The other two counts were subsequently dismissed and they are not a part of this appeal. Hogan appeals the trial court's granting of the city's motion for summary judgment on the first count.

At all relevant times, the city was a non-home-rule municipal corporation, operating under the "Managerial Form" provision of the Illinois Municipal Code. (Ill. Rev. Stat. 1971, ch. 24, par. 5—1—1 *et seq.*)

Under this form, the city council is vested with all legislative powers (Ill. Rev. Stat. 1971, ch. 24, par. 5—3—6), and the city manager is charged with all administrative functions, including the appointment and removal of department directors (Ill. Rev. Stat. 1971, ch. 24, par. 5—3—7). Under sections 8—2—9.1 through 8—2—9.10, the council is charged with the responsibility of passing the annual budget for the city, containing itemized appropriations.

On December 27, 1973, the city council passed Ordinance No. 73-70 adopting a budget for fiscal year 1974. The city's fiscal year is the same as the calendar year. Under this ordinance, $13,848 was budgeted for the salary of the chief of police.

In June of 1974, the office of chief of police became vacant and the city manager offered Hogan the position for two years, beginning September 1, 1974, and ending on September 1, 1976, at a salary of $16,000 per year. These terms were set forth in a letter from the city manager to Hogan dated June 29, 1974.

The city council did not revise or amend its 1974 budget to increase the appropriation for the salary of the chief of police and Hogan refused to accept a salary of less than $16,000 per annum. Consequently, Hogan did not assume the position.

The city filed a motion for summary judgment, supported by an affidavit of the city clerk that the total amount appropriated for the salary of the chief of police for the fiscal year 1974 was $13,848 and that at no time since the appropriation had the city revised or modified the appropriation for that salary. Hogan's counteraffidavit stated Hogan had been informed by the city manager that he had authority to make budget adjustments and that the council had authorized the city manager to agree to pay Hogan a salary of $16,000 per year. The city filed a supplemental affidavit of the city clerk stating that at no time since the city's adoption of the Illinois budget law had the council passed or adopted any motion, resolution or ordinance delegating its authority to revise or modify the annual budget adopted by the City.

The city's position in the trial court and on appeal is that section 8—1—7 of the Municipal Code renders the alleged contract under which Hogan sued null and void. Section 8—1—7 reads as follows:

"No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the

municipality, and no money belonging thereto shall be paid on account thereof. However, pending the passage of the annual appropriation ordinance for any fiscal year, the corporate authorities may authorize heads of departments or other separate agencies of the municipality to make necessary expenditures for the support thereof upon the basis of the appropriations of the preceding fiscal year. However, if it is determined by two-thirds vote of the corporate authorities then holding office at a regularly scheduled meeting of the corporate authorities that it is expedient and in the best public interest to begin proceedings for the construction of a needed public work, then the provisions of this section shall not apply to the extent that the corporate authorities may employ or contract for professional services necessary for the planning and financing of such public work." Ill. Rev. Stat. 1971, ch. 24, par. 8—1—7.

In its ruling on the motion for summary judgment, the trial court stated as follows:

"The affidavits on the motions in this case show that the City of Centralia adopted an annual budget for fiscal year 1974, which appropriated the salary for the Chief of Police in the sum of $13,848.00. The affidavits further show that at no time was this changed or amended by action of the City Council. The affidavits further show, and it is agreed, that the City Manager sent a letter to the Plaintiff stating that he was employed as Chief of Police at a salary of $16,000.00 per year.

The City of Centralia operates under Illinois Revised Statutes, Section 8—2—9.1 through 8—2—9.10, which is the 'Budget Law Section.' The budget sets up the expenditures during the fiscal year to which it applies. Section 8—2—9.4 states, 'the passage of the annual budget by the corporate authority shall be in lieu of the passage of the corporate ordinances.'

This court holds that the annual budget, as adopted, has the same status as an appropriation ordinance under Section 8—2—9. Since this is the case, it is controlled by Ill. Rev. Stat. Sec. 8—1—7 * * *.

According to the affidavit filed herein, there was no revision of the annual budget by two-thirds of the members of the corporate authorities as allowed by Section 8—2—9.6. Since this is the case, there was no appropriation as a basis for the contract offered to the plaintiff, and such a contract is null and void under the statutes."

Hogan's position on appeal is that the trial court erred in granting a summary judgment for the city because there were genuine issues of material facts left unresolved. Section 57 of the Civil Practice Act

provides that summary judgment shall be granted if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1971, ch. 110, par. 57.) According to Hogan, the issues of fact which remained were how much money remained in the budget for the chief of police's salary for the remainder of the fiscal year 1974 and whether there was money otherwise available which might be transferred to cover the salary of the police chief.

■■ We hold that the trial court properly granted the city's motion for summary judgment. The language of section 8—1—7 (Ill. Rev. Stat. 1971, ch. 24, par. 8—1—7) is unambiguous. While it is clear that the power to hire is vested in the city manager (*Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144), it is equally clear that the terms of any employment offer extended by the city manager are limited by the budget passed by the city council. Here, the contract offered Hogan was clearly void *ab initio*. It purported to offer a salary for two fiscal years for which no budgets had been passed, and it sought to increase substantially the salary authorized by the budget. So doing, it was a contract made in violation of the provisions of section 8—1—7 of the Municipal Code and was, therefore, null and void as to the municipality. Consequently, the facts which Hogan raises are not issuable facts.

We find little merit in Hogan's argument that the amount budgeted for the chief of police's salary which was actually unexpended must be considered in determining whether the city manager actually exceeded his authority in extending the salary offer, in light of the vacancy in the office which existed from some time in June until September. To so hold would violate the clear intent of the city council and would substitute the judgment of the city manager for that of the council with resulting evasion of established municipal hiring practices. This could result in subterfuge which this court cannot countenance.

Accordingly, the judgment of the circuit court of Marion County is affirmed.

Affirmed.

MORAN, P. J., and KASSERMAN, J., concur.