GAIL KOUDELKA, Plaintiff-Appellee, *v.* THE VILLAGE OF WOODRIDGE, Defendant-Appellant.

Second District   No. 80-129

Opinion filed December 22, 1980.

Alfred P. Bianucci and Donald W. Forester, both of Oak Brook, for appellant.

Robert R. Verchota and Keith E. Roberts, both of Donovan & Roberts, P. C., of Wheaton, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Gail Koudelka, was hired by the defendant, Village of Woodridge, in June 1975 as an assistant manager of the restaurant facility connected with the municipal golf course known as the "Village Greens." A week later the manager was terminated and plaintiff was told that she would have to assume the responsibilities of manager and was promoted to manager in September 1975.

In January 1977, plaintiff was informed that the village was closing the restaurant, and that all employees were being laid off. At the time of her termination, plaintiff had accumulated 1,594 hours of earned time due under an alleged village policy whereby managerial employees who were not entitled to overtime pay were allowed to take days off in return for their working more than 40 hours in a given work week. Plaintiff requested monetary compensation in the amount of $13,144.96 for the total accumulated hours not paid. The accumulated hours included earned time due but not taken, unused sick days, unused vacation days and unused holidays. The board of trustees and mayor recommended to the village administrator that, with respect to the unused sick days, accrued vacation time and unused holidays, plaintiff should be paid. However, with respect to plaintiff's claim for payment for earned time due, the mayor and board of trustees recommended to the village administrator that the claim be denied.

Subsequently, on March 10, 1977, plaintiff instituted the present action. After a bench trial, the trial court ordered that judgment be entered in favor of plaintiff for earned time due in the amount of $12,194.10 plus reasonable attorney's fees in the amount of $4,200 for a total sum of $16,394.10 plus costs of suit. Defendant appeals.

## I.

Defendant, Village of Woodridge, contends on appeal that plaintiff, Gail Koudelka, is not entitled to monetary compensation for the accrued earned time due which she did not use prior to her termination as manager. The defendant asserts that plaintiff is not entitled to such compensation in the absence of a valid contract or law authorizing such payment, and that there was in fact no such law or contract during the period of plaintiff's employment.

■■ ■ Generally, municipal employees are not entitled to compensation for overtime work in the absence of a valid contract or law authorizing it. (4 McQuillan, Municipal Corporations §12.194a (3d ed. 1979).) Allowance of compensatory time off for extra hours worked does not necessarily authorize the payment of money in lieu thereof. (McQuillan, §12.194a.) Although there are no Illinois decisions directly on point, a number of other State courts have dealt with the issue of whether an employee whose employment terminates is entitled to monetary compensation for accrued but unused compensatory time off. Generally, as McQuillan notes, the courts have found that absent a valid contract or statute regarding overtime, an employee's salary is payment in full for all of his services without regard to the number of hours worked. *Riepe v. City of Independence* (Mo. App. 1975), 525 S.W.2d 622; *Rusk v. Whitmire* (1975), 91 Nev. 689, 541 P.2d 1097; *Campbell v. City of Troy* (1972), 42 Mich. App. 534, 202 N.W.2d 547; *Pootel v. City & County of San Francisco* (1954), 125 Cal. App. 2d 378, 270 P.2d 553; *Kerr v. King County* (1953), 42 Wash. 2d 845, 259 P.2d 398.

In the instant case, there is no ordinance regarding the compensatory time off program and the mayor testified that it was an unwritten policy. Records were kept as to the accrued earned time due for each employee. However, on the employee check stub, no dollar amount was reflected for the earned time due worked during any particular pay period. Both the mayor and plaintiff testified that the concept of earned time due was a method whereby salaried employees who worked in excess of a 40-hour week could, with the approval and discretion of the village administrator, use the accrued time for personal reasons. There was testimony in the record that another salaried employee who had been terminated was given monetary compensation for his accrued earned time due. However, the witnesses were not definite in this regard. One of the witnesses, formerly a payroll clerk with the village, testified that she thought that at least one or two of the time slips for that employee were marked "earned time due." Plaintiff also testified that she knew of an employee who received monetary compensation for accrued but unused earned time due. However, plaintiff admitted that she did not have personal knowledge that that employee was in fact paid for his "accumulated but unused

earned time due," because she had never participated in preparing his time sheet or paycheck.

As it appears that the concept of earned time due was merely an unwritten informal policy of the village and that there was no ordinance regulating earned time due in effect during plaintiff's term of employment, the only other available basis upon which plaintiff may recover monetary compensation is if she had a valid contract regarding payment for her accrued but unused earned time due. (McQuillan, §12.194a.) There was no written agreement in effect covering the employment of plaintiff with the village. The conditions of employment by the village are contained in its personnel rules and regulations and provide for overtime pay for nonsupervisory personnel. Plaintiff is not in this category. There is no provision for compensatory time off in the personnel rules and regulations. Further, plaintiff testified that her understanding of the compensatory time off or earned time due program was that hours worked in addition to regular hours would accumulate, and she could use the time when it was not busy. She agreed approval of her superior was required. There was no indication that during her term of employment plaintiff could have demanded cash in lieu of time off for the accrued hours. Neither is there any indication from her stated understanding that she would be paid in cash if she was terminated before using her accumulated hours, aside from her assertion that another village employee had been paid for his accrued unused hours.

Finally, there is no evidence in the record to support a finding that the defendant municipality had appropriated for the cash payment for accumulated but unused earned time due. The general appropriation for the golf course and restaurant operations provides for the customary line items of permanent and temporary wages and salaries and overtime but does not specifically recognize the type of extraordinary expense claimed here. It cannot fairly be concluded from the evidence and exhibits that the village budget provided appropriations for this expenditure, and such a finding is against the manifest weight of the evidence.

■■ Any contract which the municipality might have made for monetary compensation, absent an appropriation, would be null and void under section 8—1—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 8—1—7), which provides:

"No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the

provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof. * * *" Ill. Rev. Stat. 1977, ch. 24, par. 8—1—7.

This provision has consistently been held to deny liability of municipalities for contracts for services unsupported by prior appropriations. *Chicago Patrolman's Association v. City of Chicago* (1974), 56 Ill. 2d 503, 309 N.E.2d 3, *cert. denied* (1974), 419 U.S. 839, 42 L. Ed. 2d 66, 95 S. Ct. 68 (any municipal contract made without a prior appropriation is null and void); *Hogan v. City of Centralia* (1979), 71 Ill. App. 3d 1004, 390 N.E.2d 595 (while city manager clearly had power to hire any employment offer is limited by city budget and void *ab initio* if no budget has been provided for it pursuant to section 8—1—7 (Ill. Rev. Stat. 1979, ch. 24, par. 8—1—7)); *Guerine v. City of Northlake* (1971), 1 Ill. App. 3d 603, 274 N.E.2d 625 (city not liable for lawyer fees for defense of two of its policemen absent an appropriation therefore notwithstanding certain oral assurances by mayor that lawyers would be compensated).

■■ In sum, the trial court erred in awarding plaintiff compensation for the accrued but unused time as there was no ordinance enacted by the village with respect to the alleged compensatory time off program and, in any event, there was no valid contract between plaintiff and defendant which contained such terms.

## II.

■■ Although there is no common law principle in Illinois allowing an award of attorney's fees as costs or damages (*Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 375, 387 N.E.2d 1118, 1119), there is a statutory provision whereby a court may allow a reasonable attorney's fee:

> "Whenever a mechanic, artisan, miner, laborer, servant, or employee brings suit for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he has brought suit is justly due and owing, and that a demand was made in writing at least 3 days before suit was brought, for a sum not exceeding the amount so found due and owing * * *." (Ill. Rev. Stat. 1979, ch. 13, par. 13.)

As the statute is in derogation of the common law, it is to be strictly construed. (*Lites*, 70 Ill. App. 3d 374, 375, 387 N.E.2d 1118, 1119.) The statute requires a "* * * decision of the court or jury that the amount for which he has brought suit is justly due and owing * * *" before reasonable attorney's fees can be awarded. Since plaintiff is not entitled to money compensation for earned time due her claim for attorney's fees must fail.

The judgment of the Circuit Court of Du Page County awarding plaintiff $12,194.10 for earned time due but not taken and $4,200 attorney's fees plus costs of suit is reversed.

Reversed,

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.