■ In the Matter of JEREMIAH R. DINEEN, Appellant-Respondent, v WILLIAM G. BORGHARD et al., Respondents-Appellants. — In a proceeding pursuant to CPLR article 78, petitioner appeals (1) from so much of a judgment of the Supreme Court, Westchester County (Rosenblatt, J.), dated September 27, 1983, as granted the county parties' motion to dismiss the petition, insofar as it dismissed the petition without prejudice to appellant-respondent to pursue administrative remedies under Westchester County personnel rule 18, and (2) as limited by his brief, from so much of an order of the same court, entered October 25, 1983, as upon reargument, adhered to its original determination; and the county parties cross-appeal from so much of said judgment and order as purported to limit the power of the Westchester County Executive to make appointments to an administrative grievance board constituted pursuant to Westchester County personnel rule 18 (subd E, par 1). ¶ Appeals from the judgment dated September 27, 1983 dismissed, without costs or disbursements. That judgment was superseded by the order entered October 25, 1983 upon reargument. ¶ Order entered October 25, 1983 reversed insofar as appealed from by appellant-respondent, without costs or disbursements, and upon reargument judgment dated September 27, 1983 vacated, respondents-appellants' motion to dismiss the petition denied, petition reinstated and

matter remitted to Special Term for further proceedings in accordance herewith. Respondents-appellants' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. ¶ Respondents-appellants' cross appeal from the order entered October 25, 1983, dismissed as academic, without costs or disbursements, in light of our determination with respect to appellant-respondent's appeal from that order. ¶ Appellant-respondent Dineen (hereinafter Dineen) was permanently appointed as Director of the Westchester County Water Agency in January, 1976. The water agency is made up of the Commissioner of the Westchester County Department of Environmental Facilities, the Commissioner of the Westchester County Department of Planning and the Commissioner of the Westchester County Department of Health. According to Dineen's job description, he was to work under the general supervision of the three commissioners. Among his many duties was to serve as chief engineer and operating executive of the county's water districts and to represent the county in various meetings and negotiations with other communities on water supply matters. The agency contained a staff of over 20 persons. ¶ Dineen had never been subject to a disciplinary proceeding, nor had his position been abolished or his job description changed. However, from June of 1982 to March of 1983, he was stripped of virtually all of his responsibilities and duties. By March of 1983 Dineen's staff had been reduced to one. In addition, Dineen claimed the Commissioner of the Department of Environmental Facilities was harassing him by sending him critical memoranda designed to embarrass him. ¶ Dineen instituted the present proceeding claiming that respondents-appellants had taken part in a conspiracy in a malicious attempt to force him to resign. Their actions, Dineen claimed, resulted in a *de facto* suspension with pay, which he stated was, *inter alia,* a violation of section 75 of the Civil Service Law and section 6 of article V of the New York State Constitution. The county parties moved to dismiss the petition, *inter alia,* for failure to state a claim for which relief can be granted and failure to exhaust administrative remedies. ¶ By a judgment dated September 27, 1983, Special Term (Rosenblatt, J.), dismissed Dineen's petition without prejudice for him to pursue an administrative remedy under Westchester County personnel rule 18. The court further decreed that the Westchester County Executive appoint only people not employed by or financially tied to Westchester County to the grievance board established under rule 18. Upon reargument, the court adhered to its original determination in an order entered October 25, 1983. Dineen appealed from both the judgment and order insofar as it dismissed his petition. The county parties cross-appealed from the judgment and order only to the extent that they affected the County Executive's power to appoint a grievance board. ¶ The order entered October 25, 1983 must be reversed insofar as appealed from by Dineen, and the judgment dated September 27, 1983 vacated. The grievance procedure under rule 18 is patterned after sections 681 through 685 of the General Municipal Law. Pursuant to rule 18 (subd A, par 3), that procedure is specifically limited to matters which "involve employee health or safety, physical facilities, materials or equipment furnished to employees or supervision of employees". Dineen's claim that his work was unlawfully reassigned fits none of these categories. Thus, the grievance procedure of rule 18 does not apply (*Matter of Van Heusen v Board of Educ.,* 26 AD2d 721; *Nassau Ch., Civ. Serv. Employees Assn. v Board of Educ.,* 63 Misc 2d 49). Furthermore, Dineen claims that the county parties violated his statutory and constitutional rights. The rule of exhaustion of administrative remedies need not be followed when an agency's action is alleged to be unconstitutional or wholly beyond its powers (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Milburn v McNiff,* 81 AD2d 587, 589). Therefore, Dineen should not have been required

to pursue the remedy of rule 18. His petition should be reinstated and decided on the merits. ¶ In view of our determination above, the county parties' cross appeal is dismissed as academic. The county parties also argue that for various reasons the petition should be dismissed on the merits. However, their notices of cross appeal exclude this issue from our consideration. The county parties are limited accordingly as to the scope of their cross appeals (see CPLR 5515, subd 1; *Kennis v Sherwood*, 82 AD2d 847; *Christian v Christian*, 55 AD2d 613). Thus, whether the petition should be dismissed on the merits is not cognizable here. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.