■ In the Matter of THOMAS LAPIANA, Appellant, v ANTHONY B. GLIEDMAN, as Commissioner of the Department of Housing Preservation and Development of the City of New York, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review certain allegedly erroneous fuel pass-along adjustments for the years 1981 and 1982, petitioner appeals (1) from a judgment of the Supreme Court, Kings County (Jones, J.), entered August 26, 1983, which dismissed the proceeding, and (2) as limited by his brief, from so much of an order of the same court dated November 9, 1983, as, upon reargument, adhered to the original determination.

Appeal from the judgment entered August 26, 1983 dismissed. That judgment was superseded by the order dated November 9, 1983, made upon reargument.

Order affirmed.

Respondent is awarded one bill of costs.

On August 30, 1982, the Office of Rent Control, Brooklyn District Rent Office, issued two notices to petitioner which proposed to suspend fuel-cost-increase rent adjustments previously granted to him for rent-controlled apartments in two premises which were located in Brooklyn, New York. The notices of the proceeding "to modify or revoke order" were based upon petitioner's failure to file a report of a fuel cost decrease as required under Administrative Code of the City of New York § Y51-5.0 (g) (1) (n) (9) (*see also,* NY City Rent and Eviction Reg § 33.10 [a], [e]). The notices stated that petitioner could "file an answer to the action proposed" and "present such evidence" as he desired within seven days from the date of the notices.

On or about November 22, 1982, petitioner filed answers to the notices, alleging that the amounts involved were de minimis, that each of his buildings contained only one rent-controlled apartment, and that there was no reason for him to file reports for the amounts involved. It is undisputed that the District Rent Office took no further action and has not as yet issued orders determining whether the fuel-cost-increase rent adjustments for the subject apartments should be suspended, as the notices proposed, or whether they should be modified.

In April 1983, petitioner instituted the instant CPLR article 78 proceeding, alleging, *inter alia,* that in January of 1981 and 1982, respondent published false and erroneous "Findings" in the *City Record* concerning the price changes for Brooklyn Union Gas Co. heating fuel for the years 1980 and 1981. Petitioner contends that these "Findings" are erroneous and that respondent refused to correct them despite petitioner's demand. He also argues that he has been deprived of his constitutionally protected property rights and asserts a claim under 42 USC § 1983.

We agree with Special Term that in view of the fact that respondent has not rendered a final determination on the matter of petitioner's fuel-cost rent adjustments, the proceeding is premature, and the court lacks jurisdiction over the matter. Petitioner has failed to exhaust the comprehensive administrative remedies available to him under the city Rent and Rehabilitation Law (*see,* Administrative Code of the City of New York § Y51-8.0 [a]; NY City Rent and Eviction Reg, part VIII, § 81 *et seq.;* part IX, § 91 *et seq.; Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57-58; *cf. Matter of Dineen v Borghard,* 100 AD2d 547). Accordingly, the proceeding was properly dismissed.

We also find no merit to petitioner's Federal civil rights claim under 42 USC § 1983 (*see, Hudson v Palmer,* 468 US __, __, 104 S Ct 3194, 3204; *Parratt v Taylor,* 451 US 527, 536-537; *Edeler v*

*Gliedman,* US Dist Ct, EDNY, May 16, 1984 [Bartels, J.]; *Broadway & 67th St. Corp. v City of New York,* 100 AD2d 478, 483). Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.